**Iva MINOR, Petitioner–Appellant,**

**v.**

**Richard L. DUGGER, Robert A. Butterworth, Respondents–Appellees.**

No. 88–3068.

United States Court of Appeals,
Eleventh Circuit.

Jan. 25, 1989.

---

Kerry H. Brown, Tampa, Fla., for petitioner-appellant.

David Gemmer, Asst. Atty. Gen., Tampa, Fla., for respondents-appellees.

Before JOHNSON and COX, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal by a petitioner for a writ of habeas corpus from the judgment of the trial court dismissing the petition as moot.

## I. STATEMENT OF THE CASE

Petitioner was convicted on June 3, 1983 of possession and delivery of a controlled substance and sentenced to three years. On October 18, 1984, he filed his petition for habeas corpus on the ground that he had received ineffective assistance of counsel. On the day following the filing of the petition, Minor was unconditionally released from the custody of the respondent.

Thereafter, on motion of the state, the trial court dismissed the petition as moot.

## II. DISCUSSION

■ The parties here are not in disagreement as to the underlying law, which is that once a petitioner is released on parole or is unconditionally released, his petition is not rendered moot unless there is *no possibility* for the imposition of collateral legal consequences on the basis of the challenged conviction. The burden of establishing mootness is on the respondent. *Malloy v. Purvis,* 681 F.2d 736, 739 (11th Cir.1982), *cert. denied,* 460 U.S. 1071, 103 S.Ct. 1527, 75 L.Ed.2d 949 (1983). The sole question here, then, is whether notwithstanding Minor's unconditional release, adverse collateral consequences still exist as to him.

■ Appellant relies on this Court's decision in *Wolfe v. Coleman,* 681 F.2d 1302 (11th Cir.1982), for his claim that the potential that in any future conviction and sentence which he may suffer the sentencing court may enhance the sentence because of the present conviction and sentence constitutes such collateral consequences. In *Wolfe,* the petitioner for habeas corpus had been convicted of contempt of court, a state crime in Florida. Upon the denial by the trial court in *Wolfe* of his petition for habeas corpus, the state contended that Wolfe's appeal was moot because he had completed his sentence. This Court stated:

> It is sufficient that, because of his contempt conviction, petitioner may be subject to an enhanced sentence as an habitual misdemeanant. Fla.Stat. § 775.084.... Consequently we hold that petitioner's appeal is not moot.

*Wolfe v. Coleman,* 681 F.2d at 1305.

Appellees respond that *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), is controlling authority for the proposition that the possibility of enhancement in any subsequent sentencing does not amount to a collateral consequence, sufficient to prevent mootness of the current habeas corpus petition. The issue in *Lane* arose because the plaintiff sought to have expunged from his record a revocation of his parole that he contended was illegally accomplished. The Court stated:

> The parole violations that remain a part of respondents' records cannot af-

fect a subsequent parole determination unless respondents again violate state law, or return to prison, and become eligible for parole. Respondents themselves are able—and indeed required by law—to prevent such a possibility from occurring....

455 U.S. at 632 n. 13, 102 S.Ct. at 1327 n. 13.

As will readily be seen, the relief sought in *Lane* was one step removed from what is sought here. It dealt with the effect of a revocation of parole rather than a future sentencing after a conviction. The fact situation which we face in this case therefore differs to that extent. Nevertheless we might agree that the language in *Lane* should apply to this case if we were writing on a clean slate. However, we are barred from doing so, because *Wolfe*, an Eleventh Circuit opinion, was decided by this Court after *Lane* and, as indicated above, *Wolfe* expressly states that for a habeas corpus petitioner to be subject to an enhanced sentence as an habitual misdemeanant is sufficient to show the existence of collateral consequences which would prevent the mootness of the petition for the writ.

Although this Court in *Wolfe* did not mention the Court's opinion in *Lane*, we cannot assume that this Court's opinion and decision in that case is not binding on subsequent panels of this Court on the same questions of law. Under the jurisprudence of this Court, one panel of the Court is not permitted to overrule a decision by a previous panel unless the Court overrules the earlier decision by an en banc proceeding.

> Under the established federal legal system the decisions of one circuit are not binding on other circuits. "[I]t is common knowledge that the decisions of the court of appeals for one circuit are not binding upon the courts of appeals for other circuits." 1B J. Moore, Federal Practice ¶ 04.02[1] (1980). The various circuits differ somewhat in the extent to which they treat their own decisions as binding on themselves. Some appear at times to treat their own decisions as merely persuasive; others by rule or

practice permit one panel to overrule another after prior notice to all judges of what is proposed, followed by no objection. The old Fifth followed the absolute rule that a prior decision of the circuit (panel or en banc) could not be overruled by a panel but only by the court sitting en banc. The Eleventh Circuit decides in this case that it chooses, and will follow, this rule.

*Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir.1981).

The state in this case also argues that its position is supported by *Malloy v. Purvis*, 681 F.2d 736 (11th Cir.1982). However, since *Malloy* was decided by this Court approximately one week before *Wolfe*, we would normally be bound by the decision in *Wolfe*. Besides, *Malloy* supports the position taken by this Court in *Wolfe*. In *Malloy*, the petitioner for habeas corpus sought only the expungement of his conviction because, as he stated, the *blemish* on his record resulting from one conviction was a collateral consequence. This Court found that such a blemish alone would not satisfy the requirements of a collateral consequence. In the course of our decision, we stated as follows:

> According to Malloy, the blemish on one's record caused by a conviction is enough of a collateral consequence to prevent a habeas corpus petitioner from becoming moot where the petitioner is no longer under custodial restraint. If this were the case, mootness would never be an issue in the resolution of habeas petitions because the mere fact of the conviction would always keep the petition alive. Taken to the extreme, this argument would call for treatment on the merits even in those instances where the petitioner was still allowed to vote or engage in certain professions, *or where the conviction would not be used for enhancement purposes* ....

681 F.2d at 739 (emphasis added). This language clearly indicates this Court's recognition that where the conviction *could* be used for enhancement purposes, it would be proper to reject the mootness claim.

Finally, and most importantly, we are bound by a decision of the Supreme Court that clearly supports this court's decision in *Wolfe, supra*. Decided by the Court in 1984, following *Lane, Wolfe* and *Malloy*, the Court expressly stated in a habeas appeal that the petitioner's case was not moot because of the possibility that his conviction would be used to subject him to enhancement of a sentence in case of felony charges in the future. The Court said:

The Commonwealth informed this Court five days prior to oral argument that respondent had been finally released from custody and his civil rights, including suffrage and the right to hold public office, restored as of May 10, 1983. However, respondent has not been pardoned and *some collateral consequences of his conviction remain, including* the possibility that the conviction would be used to impeach testimony he might give in a future proceeding and *the possibility that it would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future.* This case is thus not moot. See *Carafas v. LaVallee*, 391 U.S. 234, 238 [, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554] (1968); *Sibron v. New York*, 392 U.S. 40, 55–57 [, 88 S.Ct. 1889, 20 L.Ed.2d 917] (1968).

*Evitts v. Lucey*, 469 U.S. 387, 391 n. 4, 105 S.Ct. 830, 833 n. 4, 83 L.Ed.2d 821 (1985) (emphasis added).

Although the Court made this determination in a footnote, it was essential to the decision in the case, because otherwise the Court would not have proceeded to a decision on the merits.

Although this case was not cited by either party in brief or oral argument, it is, of course, binding on this court. We, therefore, are required to reverse the judgment of the trial court.

JUDGMENT REVERSED.