[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 5, 2006
THOMAS K. KAHN
CLERK

No. 05-15737
Non-Argument Calendar

_____

D. C. Docket No. 05-00207-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE ABELINO UNSALEGONGORA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 5, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Andre Abelino Unsalegongora[1] ("Abelino") appeals his 135-month concurrent sentences imposed after pleading guilty to: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a), (g), & (j) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and (2) possession with intent to distribute five kilograms or more of cocaine while on board a vessel, in violation of 46 App. U.S.C. § 1903(a) & (g), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2.

In May 2005, the United States Navy ship Rentz ("the Rentz") was patrolling in the Eastern Pacific Ocean. A helicopter dispatched from the Rentz spotted a vessel and determined that it was the Colombian fishing vessel OFY ("the OFY"). Naval officials tracked the OFY and observed it moving erratically and changing its course multiple times. By the time the Rentz closed in on the OFY, the OFY was engulfed in smoke and flames, and its eight crew members, including Abelino, boarded a smaller vessel. Law enforcement officials extinguished the fire on the OFY and found 4,300 kilograms of cocaine concealed in a hidden compartment. The officers then boarded the smaller vessel and arrested the OFY's crew members, including Abelino. Ruceo Portocarrero identified himself as the master of the OFY.

---

[1] Although the appellant was indicted and prosecuted under the last name "Unsalengongora," his real name is "Gonzalez-Gongora."

2

On appeal, Abelino argues that the district court erred in not granting him a mitigating role reduction. He claims that he was just "a common man," and did not have any equity interest in the cocaine that was found on the OFY. He maintains he did not plan or organize the conspiracy, lacked knowledge of the scope of the offense, had no supervisory authority, did not make any material decisions with regard to the transportation of the cocaine, did not have any control over the cocaine, did not profit from the conspiracy, and did not possess a firearm for authority or security purposes. In support, Abelino relies on the district court's and other circuits' case law. He also claims that he was less culpable than "the other co-conspirators on board the vessel such as the captain and the vessel's owner's drug representative and guard."

We have "long and repeatedly held that a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."[2] *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). Section 3B1.2 of the Sentencing Guidelines provides for a four-level decrease to a defendant's offense level if the defendant was a minimal participant in any

---

[2] In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court excised 18 U.S.C. § 3742(e), which established standards of review on appeal. However, this Court has held that pre-*Booker* standards for reviewing application of the Sentencing Guidelines (*i.e.*, findings of fact for clear error, and questions of law *de novo*) still apply post-*Booker*. *United States v. Crawford*, 407 F.3d 1174, 1177-78 (11th Cir. 2005).

criminal activity and a two-level decrease if the defendant was a minor participant in any criminal activity.  U.S.S.G. § 3B1.2.

A defendant who is a minimal participant is one who is plainly among the least culpable of those involved in the conduct of a group.  U.S.S.G. § 3B1.2, comment. (n.4).  A defendant is a minor participant if he is less culpable than most other participants, but whose role can not be described as minimal.  U.S.S.G. §3B1.2, comment. (n. 5).  In determining a defendant's mitigating role in the offense, the district court "must measure the defendant's role against the relevant conduct for which [he] was held accountable at sentencing . . . [and] may also measure the defendant's role against the other participants to the extent they are discernable in the relevant conduct." *De Varon*, 175 F.3d at 945. "The defendant bears the burden of proving his minor role by a preponderance of the evidence." *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).  Where a drug courier's relevant conduct is limited to his own criminal act, a district court may legitimately conclude that the courier played an important and essential role in that crime. *See DeVaron*, 175 F.3d at 942-43.  Furthermore, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct." *See id.* at 943.  "[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a

4

[mitigating-role] adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. We have held that "the fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." *See DeVaron*, 175 F.3d at 944.

Here, the record supports the district court's finding that Abelino's role in the relevant offense was neither minor nor minimal. With respect to the first prong of the *DeVaron* analysis, at sentencing, Abelino was held accountable only for the 4,300 kilograms of cocaine, a very large amount, which was the amount that the OFY was transporting. Thus, Abelino's actual and relevant conduct were the same, and, as such, the district court's ruling was not clearly wrong.

With respect to the second prong of the *DeVaron* analysis, there is insufficient evidence to show that Abelino was a minor or minimal participant in comparison to others. Here, the only persons identifiable from the evidence are Abelino, the other six crew members, and Portocarrero, the captain of the vessel. Abelino has provided no evidence that he was less culpable than the other six crew members of the OFY, or that his responsibilities aboard the OFY were less vital to the enterprise than those of any of the other crew members. Abelino tries to

5

distinguish himself from Portocarrero, arguing that his role in the offense was less important than Portocarrero's. However, Portocarrero received a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(2)(B) because he was the captain of the OFY. The case law that Abelino cites is not binding on this Court[3] and does not establish that Abelino was entitled to a mitigating-role reduction. To conclude, Abelino had the burden to prove he played a mitigating role in the offense, and the district court did not clearly err in finding that he did not meet this burden. Therefore, we affirm Abelino's sentence.

**AFFIRMED.**

---

[3]"Under the established federal legal system the decisions of one circuit are not binding on other circuits." *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989).