[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12339

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CURTIS BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:22-cr-00046-BJD-LLL-1

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Curtis Brown appeals his sentence of 15 months' imprisonment for threatening to murder a United States judge and for mailing threatening communications to a United States judge. He argues that the district court violated his Fifth Amendment right to due process by failing to orally pronounce the standard conditions of supervised release, and that the court erred by failing to adequately explain how the supervised release conditions were reasonably related to the sentencing factors. After review, we affirm.

## I.    Background

A federal grand jury indicted Brown on one count of threatening to murder a United States judge in violation of 18 U.S.C. § 115, and one count of mailing threatening communications to a United States Judge in violation of 18 U.S.C. § 876(C). Specifically, Brown, while a Florida prisoner, sent a letter to a United States District Court Judge threatening to kill the judge and his family due to the judge's dismissal of a civil matter Brown had filed.[1] Brown ultimately entered an open plea of guilty to both counts.

---

[1] The district court judge dismissed Brown's civil case after concluding that Brown had been dishonest and abused the judicial process when he stated that

23-12339               Opinion of the Court               3

At the sentencing hearing, the district court explained that Brown's advisory guidelines range was 15 to 21 months' imprisonment to be followed by 1 to 3 years' supervised release. Brown's counsel emphasized that Brown, age 35, had "a very challenging upbringing," that his father had been incarcerated throughout much of Brown's childhood, and that Brown himself had been incarcerated since 2006 in Florida for possessing and selling cocaine at the age of 18.[2]  Counsel emphasized that Brown had accepted responsibility for his actions in the present case and requested a downward variance of "a very modest amount of federal prison time."  Brown then made a statement expressing his remorse and regret for his actions, and explained that he had simply reacted out of frustration and "misunderstanding," but that he would never again engage in such behavior.

The government, in turn, emphasized that, while Brown was being sentenced *in absentia*[3] for his cocaine-related offenses in 2006, he was charged with committing a violent offense—although

---

he had not filed a previous federal complaint or lawsuit related to the same matter.

[2] According to the presentence investigation report ("PSI"), in June and July 2005, Brown sold crack cocaine to undercover officers and officers found crack cocaine on his person when they went to arrest him in August 2005.  Charges resulted from all three incidents.

[3] Brown failed to appear for his sentencing.

those charges were later dropped.[4]  The government also pointed out that simply because a person is unhappy with a judge's decision does not give them the right to threaten a judge, and that Brown—who had already served significant time in prison—should have "appreciate[d] the consequences of his actions."   But instead, Brown wrote a letter "threatening the . . . judge and his family about shooting him or his family if he can't find him.  And he even ends [the letter] in a postscript with an additional threat about not telling anyone else."  The government noted that, although Brown was unable to and did not carry out the threat, it did not "change the seriousness or the importance of sending" the threat.  Thus, the government argued that a guideline sentence to run consecutive to Brown's state sentence was appropriate.  Finally, the government noted that "in some jail calls, [Brown] lamented that we took too long to essentially bring him to federal court," which Brown wanted because he had more privileges in federal custody than he did in state custody.

The district court then imposed concurrent terms of 15 months' imprisonment for each of the two counts to be followed by 3 years' supervised release, and explained that this sentence

---

[4] The PSI indicated that, in 2006, Brown was charged in Florida with using a firearm during a felony, possession of a weapon by a convicted felon, robbery with a deadly weapon, aggravated assault with a deadly weapon, and grand theft of a motor vehicle.  However, the charges were later dropped.

23-12339                Opinion of the Court                5

would run consecutive to Brown's state sentence.[5]  In particular, the district court emphasized that the sentence reflected the seriousness of the offense and provided adequate deterrence, while providing Brown with much needed mental health treatment—noting Brown's depression diagnosis.[6]  The district court also noted that the sentence it imposed was not "the most harsh sentence that [Brown] [could have] receive[d]."

The district court explained that, while on supervised release, Brown would be required to "comply with the mandatory and standard conditions adopted by the court in the Middle District of Florida."  In addition, the court explained that Brown would be required to comply with certain special conditions, including participating in mental health treatment; contributing to the costs of the mental health services; cooperating in the collection of DNA; refraining from the unlawful use of controlled substances; and submitting to periodic drug testing.  The district court explained that it had considered the 18 U.S.C. § 3553(a) factors, and that the sentence was sufficient but not greater than necessary to serve the

---

[5] Brown faced a statutory maximum of 20 years' imprisonment (if the maximum term of 10 years' imprisonment for each count was imposed consecutively) and 3 years' supervised release.

[6] Although Brown's mental health was noted only in passing during the sentencing hearing, his PSI indicated that as a teen he was sent to anger management counseling; he was diagnosed between 2007 and 2009 with "major depressive disorder," but he was not presently prescribed any medication; and that in 2022 he was diagnosed with antisocial personality disorder.

purposes of sentencing. While Brown renewed other unrelated objections to the sentence and guidelines calculation, he did not object to the supervised release conditions or the statement that he would be required to comply with the mandatory and standard supervised release conditions adopted by the Middle District of Florida. Brown appealed.

## II.    Discussion

Brown argues that (1) the district court violated his due process rights under the Fifth Amendment when it failed to orally pronounce all of the mandatory and standard conditions of supervised release that it later imposed as part of his written judgment, and (2) the district court procedurally erred by failing to make an "individualized assessment" and adequately explain how the supervised release conditions were reasonably related to the sentencing factors.

Section 3583 of Title 18 of the U.S. Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d).[7] The Sentencing Guidelines provide for thirteen standard conditions

---

[7] The mandatory supervised release conditions in the statute include that the defendant not commit another crime; make any required restitution; comply with DNA collection if authorized; refrain from unlawfully possessing a controlled substance; refrain from any unlawful drug use; and submit to periodic drug testing. *See* 18 U.S.C. § 3583(d).

that are generally recommended, as well as several special conditions.[8]  U.S.S.G. § 5D1.3(c), (d).

"[A] district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023).  And the failure of the district court to do so violates the defendant's right to due process.  *Id.* at 1247–48.  However, this requirement does not require the district court to orally pronounce each and every individual discretionary condition.  *United States v. Hayden*,

---

[8] The standard conditions in the sentencing guidelines include that the defendant report to the probation office within 72 hours of his release from prison; "report to the probation officer as instructed" and answer the officer's questions truthfully; not leave his district of residence without permission from the probation officer or the court; reside at a location approved by the probation officer and notify the probation officer in advance of any change in residence; allow the probation officer to visit and inspect his residence; work full time; refrain from associating with other convicted felons or anyone engaged in criminal activity; notify the probation officer if the defendant is arrested or questioned by police; refrain from possessing or having access to guns and ammunition and other dangerous weapons; not agree to act, or otherwise act, as a confidential source to law enforcement without permission of the court; as determined by the probation officer, notify certain persons or organizations that the defendant poses a risk to another; and follow the probation officer's instructions related to supervision conditions.  *See* U.S.S.G. § 5D1.3(c); *see also Middle District of Florida Form AO 245B* (listing the mandatory and standard conditions of supervision for the Middle District of Florida).  Because Brown does not challenge the imposition of any special conditions, we do not discuss them.

119 F.4th 832, 838 (11th Cir. 2024).  Rather, the "district court may easily satisfy this requirement by referencing a written list of supervised release conditions," such as a standing administrative order.  *Rodriguez*, 75 F.4th at 1246; *see also Hayden*, 119 F.4th at 838 ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires.").

"We [generally] review the terms of . . . supervised release for abuse of discretion."  *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006).  "When a defendant fails to object at sentencing to the conditions of supervised release, we ordinarily review for plain error."  *Hayden*, 119 F.4th at 838.

Here, the district court stated at sentencing that Brown would be required to comply with the mandatory and standard conditions adopted by the court in the Middle District of Florida, and Brown did not object to the district court's failure to describe each of the standard conditions.  Therefore, "we review his [due process] challenge for plain error."  *Id.*

We conclude that no error, much less plain error occurred.  Contrary to Brown's argument, the district court was not required to orally pronounce each individual supervised release condition.  *Id.*  Rather, the district court complied with the oral pronouncement requirement when it referenced expressly "the mandatory and standard conditions adopted by the court in the Middle District of Florida."  *Id.*  This pronouncement provided Brown with notice that the court was imposing the standard

23-12339              Opinion of the Court              9

conditions as adopted by the Middle District of Florida, and at that point, Brown had an opportunity to object to those conditions or seek clarification as to the nature of each individual condition, but he failed to do so. *Id.* ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires."); *Rodriguez*, 75 F.4th at 1246 ("By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them."). Additionally, as we explained in *Hayden*, "[t]he conditions are listed in the publicly available judgment form and track the standard conditions of supervised release in the relevant sentencing guideline." *Hayden*, 119 F.4th at 839 (citing *Middle District of Florida Form AO 245B*; U.S.S.G. § 5D1.3(c)). The district court then included those same conditions in Brown's written judgment. Accordingly, there was no due process violation.

Relatedly, Brown argues that the district could failed to conduct an individualized assessment and adequately explain the reasons for the supervised release conditions it imposed.

The district court is required at sentencing to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). We review *de novo* a challenge to the adequacy of the district court's sentencing explanation under § 3553(c), "even if the defendant did not object below." *United States v. Hamilton*, 66 F.4th 1267, 1274 (11th Cir. 2023). "Because § 3553(c) applies to the

entire sentence, and the term of supervised release is part of that sentence, § 3553(c) necessarily applies to the term of supervised release as part of the sentence imposed." *Id.* at 1275. However, "[n]othing in § 3553(c) requires a district court to make two separate explanations—one for the term of imprisonment and one for the term of supervised release." *Id.* Rather, "a district court's reasoning inevitably supports both the imprisonment and supervised release portions of the . . . sentence." *Id.* at 1276. In other words,

> [a] district court need not address each component separately so long as it gives a sufficient explanation— that is, so long as the district court sets forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.

*Id.* (alterations adopted) (quotations omitted). Importantly, while § 3553(c) may apply to the overall term of supervised release imposed, we have never held that the district court must articulate how each individual condition of supervised release is related to the § 3553(a) sentencing factors.[9]

---

[9] Brown relies on the Fourth Circuit's decision in *United States v. Rogers*, 961 F.3d 291, 298 (4th Cir. 2020), for the proposition that the district court must articulate its reasoning for each of the conditions of supervised release and explain how those conditions relate to the relevant sentencing factors. We, however, are not bound by the Fourth Circuit's decision and neither are the district courts in this Circuit. *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989). Moreover, we find the Fourth Circuit's reasoning unpersuasive. The

Here, the district court complied with the requirements of § 3553(c) and our precedent when it acknowledged that it considered the § 3553(a) sentencing factors and emphasized that its chosen sentence of 15 months' imprisonment followed by 3 years' supervised release reflected the seriousness of the offense and provided adequate deterrence, while providing Brown with much needed mental health treatment. The district court's explanation was adequate to satisfy us that it considered the parties' arguments and the § 3553(a) factors and had a reasoned basis for the sentence it chose. *Id.* Accordingly, we affirm.

**AFFIRMED.**

---

Fourth Circuit relied on its prior precedent to hold that in order to "adequately explain" the sentence, the district court must specifically articulate the reasons for imposing the condition. *Rogers*, 961 F.3d at 297 (citing *United States v. Wroblewski*, 781 F. App'x 158, 162 (4th Cir. 2019), and *United States v. McMiller*, 954 F.3d 670, 676 (4th Cir. 2020)). But, unlike the Fourth Circuit, we have never held that in order to "adequately explain" a sentence, the district court must specifically articulate its reasoning or address each of the sentencing factors. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors.). Rather, generally, the district court's explanation is sufficient if it is clear that it considered the relevant sentencing factors together with the parties' arguments. *Id.* at 1330. In light of our own precedent, we decline to follow the Fourth Circuit's approach.