**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-11377

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

BENJAMIN SMITH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00305-SEG-CMS-1

_____

Before NEWSOM, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Following resentencing, Benjamin Smith appeals his conviction and sentence, arguing that (1) the district court erred on remand when it denied his motion to dismiss the indictment after

determining that it was outside the scope of this Court's mandate, and (2) the district court erred by not orally pronouncing each of the 13 standard conditions of supervised release or explaining why the standard conditions were justified in Smith's case. After review, we affirm.

## I.    Background

In 2019, following a trial, a jury found Smith guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). He was sentenced under the Armed Career Criminal Act to 235 months' imprisonment to be followed by three years' supervised release. *United States v. Smith*, Nos. 20-12609, 20-12773, 2023 WL 1860518, at *4 (11th Cir. Feb. 9, 2023) (unpublished). We affirmed his conviction on direct appeal, but we concluded that he did not meet the criteria for the armed career criminal sentencing enhancement. *Id.* at *8–13. Accordingly, we vacated his sentence and remanded for resentencing. *Id.* at *13.

On remand, Smith filed a motion to dismiss the indictment asserting for the first time that § 922(g)(1) was unconstitutional under the Second Amendment analysis established in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Smith asserted that *Bruen* overruled or otherwise abrogated our prior precedent upholding the constitutionality of § 922(g)(1). He further maintained that his challenge was not limited by the scope of this Court's mandate on remand because *Bruen* was "controlling authority that ha[d] since made a contrary decision of law applicable to the issue presented."

The district court denied Smith's motion, concluding that it was beyond the scope of our mandate. The district court determined that the mandate rule exception that Smith relied on did not apply because *Bruen*, the controlling authority in question, was decided several months prior to our decision in Smith's initial direct appeal. The district court reasoned that Smith could have brought his *Bruen* challenge based on intervening Supreme Court precedent in that appeal, but he failed to do so. Accordingly, no exception to the mandate rule applied. Moreover, the district court explained that *Bruen* did "not justify disregarding the mandate because it [was] not controlling authority that require[d] a contrary result" as our prior precedent upholding the constitutionality of § 922(g)(1) remained valid post-*Bruen*.

At the resentencing hearing, after listening to the parties' arguments concerning the appropriate sentence, the district court imposed a sentence of 110 months' imprisonment to be followed by three years' supervised release. The district court discussed the relevant 18 U.S.C. § 3553(a) factors it considered and explained the reasons for the sentence imposed. The district court further explained that Smith would be required to "comply with the mandatory conditions of release" as well as "the standard conditions of supervision, which [had] been adopted by [the district court] and [were] incorporated by reference." The district court then reviewed the additional special conditions that Smith would have to comply with upon release. Smith objected to the substantive reasonableness of his sentence and the sentencing guidelines calculation, but he did not raise any challenge to the

standard conditions of supervised release.  The district court then included the 13 standard conditions in Smith's written judgment.  This appeal followed.

## II.    Discussion

Smith argues that (1) the district court erred in denying his motion to dismiss the indictment, and (2) the district court erred by not orally pronouncing each of the 13 standard conditions of supervised release or explaining why the standard conditions were justified in Smith's case.  We address each claim in turn.

### A.  The motion to dismiss the indictment

Smith argues that the district court erred in denying his motion to dismiss the indictment on the ground that it fell outside the scope of our mandate.  He maintains that he could bring a *Bruen* challenge to the constitutionality of § 922(g)(1) on remand because the nature of the challenge is jurisdictional, and jurisdictional issues can be raised at any time while a case is pending.  With regard to the merits of his constitutional challenge, he acknowledges that we have since held that *Bruen* did not overrule or abrogate our prior precedent upholding the constitutionality of § 922(g)(1) under the Second Amendment, *see United States v. Dubois*, 139 F.4th 887, 892–93 (11th Cir. 2025), but he seeks to preserve the merits of the issue for further review.

We review the denial of a motion to dismiss the indictment based on subject matter jurisdiction grounds *de novo*.  *United States v. Alfonso*, 104 F.4th 815, 820 (11th Cir. 2024), *cert. denied* 145 S. Ct. 2706 (2025).  "We review *de novo* the district court's application of

the law of the case doctrine." *Thomas v. United States*, 572 F.3d 1300, 1303 (11th Cir. 2009) (quotations omitted).

We affirmed Smith's conviction on direct appeal, vacated his sentence, and remanded with directions that the district court conduct a resentencing. *Smith*, 2023 WL 1860518, at *13. The mandate rule is a case-specific application of the law of the case doctrine. *United States v. Amedeo*, 487 F.3d 823, 830 (11th Cir. 2007). The doctrine "operates to create efficiency, finality, and obedience within the judicial system." *Id.* (alteration adopted) (quotations omitted). When a district court acts under a mandate from an appellate court, it "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal." *United States v. Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996). Indeed, ruling on matters beyond the scope of a limited mandate is an abuse of discretion. *Id.*

The exceptions to the mandate rule require new evidence at a subsequent trial, an intervening change in controlling law, or a clearly erroneous decision that would cause manifest injustice. *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1561 (11th Cir. 1997). Smith contends that *Bruen* qualifies as an intervening change in controlling law. We disagree. First, *Bruen* is not an intervening change in the law because the Supreme Court handed down its *Bruen* decision while Smith's initial direct appeal was pending. Nothing precluded Smith from bringing a *Bruen* challenge in the months between the issuance of *Bruen* and our decision. *See United*

*States v. Durham*, 795 F.3d 1329, 1331 (11th Cir. 2015) (en banc). Rather, we have held

> that where there is an intervening decision of the Supreme Court on an issue that overrules either a decision of that Court or a published decision of this Court that was on the books when the appellant's opening brief was filed, and that provides the appellant with a new claim or theory, the appellant will be allowed to raise that new claim or theory in a supplemental or substitute brief provided that he files a motion to do so in a timely fashion after (or, as in this case, before)[1] the new decision is issued.

*Id.* Thus, *Bruen* is not an intervening change in the law following our mandate affirming Smith's conviction and remanding for resentencing.

Second, even assuming arguendo that *Bruen* still qualified as an intervening change in the law even though it issued prior to our mandate in Smith's case, "[n]ot just any change in law qualifies as an exception to the law of the case doctrine." *United States v. Stein*, 964 F.3d 1313, 1325 (11th Cir. 2020). Instead, we "demand an intervening change in the controlling law that dictates a different result." *Id.* (quotations omitted). *Bruen* does not dictate a different result. Prior to *Bruen*, we had held that § 922(g)(1) is constitutional under the Second Amendment and that "statutes disqualifying

---

[1] In *Durham*, after the Supreme Court ordered reargument and supplemental briefing in a case that could have affected Durham's appeal, Durham promptly filed a motion to stay before the Supreme Court issued the new decision.

felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010). And in *Dubois*, we held that *Bruen* did not abrogate our decision in *Rozier*. *Dubois*, 139 F.4th at 892–93. Accordingly, *Bruen* does not dictate a different result in Smith's case, and the district court did not err in denying the motion to dismiss the indictment.

### B. The pronouncement of Smith's sentence

Smith argues that the district court erred by failing to orally pronounce each of the 13 standard conditions of supervised release or explain why the standard conditions were justified.

"We [generally] review the terms of . . . supervised release for abuse of discretion . . . ." *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). "When a defendant fails to object at sentencing to the conditions of supervised release, we ordinarily review for plain error." *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024). Under plain-error review, "[a]n appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023) (quotations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations omitted).

Smith argues that he had no opportunity to object to the conditions of supervised release because the district court did not orally review each condition and urges us to review his claim *de novo*. We disagree. The district court stated at sentencing that Smith would be required to "comply with the mandatory conditions of release" as well as "the standard conditions of supervision, which [had] been adopted by [the district court] and [were] incorporated by reference." At that point, Smith had an opportunity to object, request clarification, or otherwise request that the district court orally pronounce the standard conditions. Smith, however, did not object or express any desire for clarification of the standard conditions. Under these circumstances, "we review his challenge for plain error." *Hayden*, 119 F.4th at 838.

Section 3583 of Title 18 of the United States Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions. 18 U.S.C. § 3583(d). The Sentencing Guidelines provide for 13 standard conditions that are generally recommended.[2] U.S.S.G. § 5D1.3(c), (d). The

---

[2] The standard conditions in the sentencing guidelines include that the defendant report to the probation office within 72 hours of his release from prison; "report to the probation officer as instructed" and answer the officer's questions truthfully; not leave his district of residence without permission from the probation officer or the court; reside at a location approved by the probation officer and notify the probation officer in advance of any change in residence; allow the probation officer to visit and inspect his residence; work full time; refrain from associating with other convicted felons or anyone engaged in criminal activity; notify the probation officer if the defendant is

24-11377                Opinion of the Court                    9

Northern District of Georgia has adopted these same mandatory and standard conditions, and they are listed in the judgment and commitment order template on the court's public website.  *See* United States District Court, N.D. Ga., *Judgment in a Criminal Case*, Form                                            AO 245B, https://www.uscourts.gov/sites/default/files/ao245b.pdf. Additionally, the Northern District of Georgia's Probation Office also lists these conditions on its website.  *See* United States Probation and Pretrial Services, N.D. Ga., *Conditions of Supervision,* https://www.ganp.uscourts.gov/conditions-supervision.

"[A] district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Rodriguez*, 75 F.4th at 1246.  The failure of the district court to do so violates the defendant's Fifth Amendment right to due process. *Id.* at 1247–48.  However, this requirement does not require the district court to orally pronounce each and every individual discretionary condition.  *Hayden*, 119 F.4th at 838.  Rather, the "district court may easily satisfy this requirement by referencing a written list of supervised release conditions."  *Rodriguez*, 75 F.4th at

---

arrested or questioned by police; refrain from possessing or having access to guns and ammunition and other dangerous weapons; not agree to act, or otherwise act, as a confidential source to law enforcement without permission of the court; as determined by the probation officer, notify certain persons or organizations that the defendant poses a risk to them; and follow the probation officer's instructions related to supervision conditions.  *See* U.S.S.G. § 5D1.3(c).

1246; *see also Hayden*, 119 F.4th at 838 ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires.").

We conclude that no error, much less plain error, occurred. Contrary to Smith's argument, the district court was not required to orally pronounce each individual standard discretionary condition. *Id.* Rather, the district court complied with the oral pronouncement requirement when it referenced the standard conditions of supervision, explained that those conditions had been adopted by the court, and that it was incorporating those conditions by reference. *See id.* ("A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires."); *Rodriguez*, 75 F.4th at 1246 ("By referencing at sentencing a written list, the court affords any defendant who is unfamiliar with the conditions the opportunity to inquire about and challenge them."). The district court then included those same conditions in Smith's written judgment. Accordingly, there was no due process violation.

Relatedly, Smith argues that the district court failed to conduct an individualized assessment and was required to explain why each of the standard conditions were justified. We disagree.

The district court is required at sentencing to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "Because § 3553(c) applies to the entire

sentence, and the term of supervised release is part of that sentence, § 3553(c) necessarily applies to the term of supervised release as part of the sentence imposed." *United States v. Hamilton*, 66 F.4th 1267, 1275 (11th Cir. 2023). However, "[n]othing in § 3553(c) requires a district court to make two separate explanations—one for the term of imprisonment and one for the term of supervised release." *Id.* Rather, "a district court's reasoning inevitably supports both the imprisonment and supervised release portions of the . . . sentence." *Id.* at 1276. In other words,

> [a] district court need not address each component separately so long as it gives a sufficient explanation— that is, so long as the district court sets forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority.

*Id.* (alterations adopted) (quotations omitted). Importantly, while § 3553(c) may apply to the overall term of supervised release imposed, we have never held that the district court must articulate how each individual condition of supervised release is related to the § 3553(a) sentencing factors.[3]

---

[3] Smith relies on the Fourth Circuit's decision in *United States v. Rogers*, 961 F.3d 291, 298 (4th Cir. 2020), and the Fifth Circuit's decision in *United States v. Diggles*, 957 F.3d 551, 558–59 (5th Cir. 2020) (en banc), for the proposition that the district court must articulate justifications for each of the conditions of supervised release and explain how those conditions relate to the relevant sentencing factors. We note that the *Diggles* case was about a general pronouncement of conditions requirement, not about setting forth justifications for those conditions. 957 F.3d at 563 ("The defendants do not

Here, the district court complied with the requirements of § 3553(c) and our precedent when it acknowledged that it considered the § 3553(a) sentencing factors and explained the reasons for its chosen sentence. The district court's explanation was adequate to satisfy us that it considered the parties' arguments and the § 3553(a) factors and had a reasoned basis for the sentence it chose, including the standard conditions of supervised release. *Id.*

### III.    Conclusion

For the reasons set forth above, we affirm.

**AFFIRMED.**

---

assert that the district court failed to justify the conditions it imposed; they argue only that the court failed to recite those conditions at sentencing."). Thus, *Diggles* does not stand for the justification principle Smith asserts. Regardless, we are not bound by the Fourth Circuit's or the Fifth Circuit's decisions and neither are the district courts in this Circuit. *See Minor v. Dugger*, 864 F.2d 124, 126 (11th Cir. 1989). Moreover, we have never held that the district court must specifically articulate its reasoning or address each of the sentencing factors to justify any part of the sentence. *See United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) ("[N]othing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."). Rather, as we emphasize above, the district court's explanation is sufficient if it is clear that it considered the relevant sentencing factors together with the parties' arguments. *Id.* at 1330. The district court gave such an explanation in this case.