[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11730

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CURTIS TYRONE JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00096-PGB-DCI-1

_____

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Curtis Tyrone Johnson appeals his conviction for possession of a firearm and ammunition by a convicted felon and his sentence for that offense, as well as his sentence for possession with intent to distribute 50 grams or more of methamphetamine, 10 grams or more of a mixture and substance containing a detectable amount of fluorofentanyl, a mixture and substance containing a detectable amount of cocaine, and a mixture and substance containing a detectable amount of N, N-Dimethylpentylone. He argues that his conviction and sentence for possession of a firearm by a convicted felon plainly violate the Commerce Clause and that the district court erred by failing to orally pronounce the 13 standard, discretionary conditions of supervised release that it imposed in his written judgment.

I.

Generally, we review the constitutionality of a statute *de novo*, as it is a question of law. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). However, if the issue is raised for the first time on appeal, we review for plain error only. *Id.* "Plain error occurs when (1) there was an error, (2) the error was plain or obvious, (3) the error affected the defendant's substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Anderson*, 1 F.4th 1244, 1268-69 (11th Cir. 2021).

The prior precedent rule requires us to follow a prior binding precedent unless it is overruled by our Court *en banc* or by the Supreme Court. *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016). "To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (quotation marks omitted). "In addition to being squarely on point, the doctrine of adherence to prior precedent also mandates that the intervening Supreme Court case actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *Id.*

We have "clearly held that 18 U.S.C. § 922(g) is constitutional under the Commerce Clause." *United States v. Longoria*, 874 F.3d 1278, 1283 (11th Cir. 2017). We have also rejected as-applied challenges to 18 U.S.C. § 922(g), holding that the government proves a "minimal nexus" to interstate commerce where it demonstrates that the firearms were manufactured outside of the state where the offense took place and, thus, necessarily traveled in interstate commerce. *Wright*, 607 F.3d at 715–16. We have specifically rejected constitutional challenges to § 922(g) under *Lopez*, concluding that "[n]othing in *Lopez* suggest[ed] that the minimal nexus test should be changed." *United States v. McAllister*, 77 F.3d 387, 390 (11th Cir. 1996) (quotation marks omitted); *see also United States v. Lopez*, 514 U.S. 549, 551, 561–62 (1995) (holding that the Gun-Free School Zones Act was unconstitutional because it did not "substantially affect" interstate commerce and lacked a

jurisdictional element to ensure each "firearm possession in question affects interstate commerce").

Here, because Johnson did not object on these grounds below, we review for plain error. The district court did not plainly err in convicting Johnson under § 922(g) because, as Johnson concedes, we have expressly held that § 922(g) is constitutional. We have upheld § 922(g) as facially constitutional under the Commerce Clause, and thus Johnson's challenge to the facial constitutionality of § 922(g) is foreclosed under the prior panel precedent rule. Similarly, Johnson's as-applied challenge is barred by the prior panel precedent rule because we have rejected as-applied challenges to § 922(g) when the firearms or ammunition were manufactured outside the state. The firearm and ammunition in this case were manufactured outside of Florida, and Johnson does not dispute that fact. Accordingly, any as-applied challenge he could raise would fall squarely within our prior precedent and would be barred.

Thus, we affirm as to this issue.

## II.

We "ordinarily review the imposition of discretionary conditions of supervised release for abuse of discretion, but when a defendant fails to raise his objection in the district court, we review for plain error." *United States v. Hayden*, 119 F.4th 832, 836 (11th Cir. 2024) (citations omitted). However, we review *de novo* whether a defendant "had no opportunity to object at sentencing because the court included the [condition] for the first time in its

written final judgment." *Id.* at 838 (quotation marks omitted, alteration in original).

Under 18 U.S.C. § 3583, a court must impose several mandatory conditions of supervised release and may order further conditions. 18 U.S.C. § 3583(d). The federal sentencing guidelines permit a court to impose other discretionary conditions and recommend, in relevant part, 13 "standard" conditions. U.S.S.G. § 5D1.3(c).

Under the Fifth Amendment's Due Process Clause, a defendant has the right to be present and represented by counsel when the district court pronounces his sentence. *United States v. Rodriguez*, 75 F.4th 1231, 1247 (11th Cir. 2023). To satisfy due process, the district court must pronounce the sentence in a manner that "giv[es] the defendant notice of the sentence and an opportunity to object." *Id.* (quotation marks omitted). Thus, "[d]ue process concerns arise when a district court's in-court pronouncement of a sentence differs from the judgment that the court later enters." *Id.*

In *Rodriguez*, we held that the district court violated Rodriguez's Fifth Amendment due process rights by imposing additional, "discretionary conditions" in its written judgment without first orally pronouncing the conditions in his presence. *Id.* at 1246. During the sentencing hearing, the district court "did not identify any conditions of supervised release" but merely told Rodriguez that, "[u]pon release from imprisonment, you'll be placed on supervised release, $100 special assessment, no fine." *Id.* at 1240

(quotation marks omitted). After sentencing, the district court issued a written judgment "imposing 13 discretionary conditions of supervised release," which "were taken from a 1988 administrative order in the Southern District of Florida" that required the court to impose the conditions "unless altered or modified by special order." *Id.* In addition, ten of these conditions "closely tracked the standard conditions contained in the Sentencing Guidelines." *Id.* In our holding, we recognized that a district court could properly provide notice of any discretionary conditions by: (1) orally pronouncing each condition at the sentencing hearing; or (2) "referencing a written list of supervised release conditions," such as "orally adopt[ing] the conditions of supervised release recommended in the defendant's [presentence investigation report] or in a standing administrative order." *Id.* at 1246. However, we clarified that "the mere existence of an administrative order recommending certain conditions of supervised release, without in-court adoption of that list by the sentencing court," did not satisfy due process. *Id.* at 1249. As the district court "did not identify any conditions of supervised release or reference any written list of conditions" at the sentencing hearing before adding the discretionary conditions in its written judgment, we vacated Rodriguez's sentence, in part, and remanded his case to the district court with instructions to "reconsider whether to impose each of the discretionary conditions" after "giving Rodriguez an opportunity to be heard." *Id.*

In *Hayden*, the district court imposed a term of supervised release during the sentencing hearing and explained that, while

Hayden was on supervised release, he would "need to comply with the mandatory and standard conditions adopted by the [c]ourt in the Middle District." *Hayden*, 119 F.4th at 835. The district court did not further discuss or delineate the "standard" conditions. *Id.* At the conclusion of the sentencing hearing, the district court asked each party if it had "an objection to the sentence or the manner in which the [c]ourt ha[d] pronounced [it]." *Id.* (quotation marks omitted, last alteration in original). In response, Hayden did not object to the supervised release conditions or the manner in which they were pronounced. *Id.* In its written judgment, the district court included 13 standard conditions of supervised release that matched "the conditions in the relevant sentencing guideline" and "the standard conditions in the form for the Middle District of Florida," which "[was] available on the district court website." *Id.* at 835-36 (discussing Form AO 245B and U.S.S.G. § 5D1.3(c)). In concluding that plain error review applied, we observed that Hayden's case was distinguishable from that of *Rodriguez*. *Id.* at 838. We first noted that *Rodriguez* "addressed only the situation where the district court did not reference any conditions of supervised release during the sentencing hearing." *Id.* By contrast, we observed that "Hayden did have notice," because the district court informed him that "there were standard conditions attached to his supervised release" and "asked for objections before ending the hearing." *Id.* Thus, "[b]ecause Hayden did not object to the failure to describe each of the standard conditions," we held that plain error review was proper. *Id.* (quotation marks omitted). In applying plain error review, we determined that, "[b]ecause the

district court orally referenced the 13 discretionary standard conditions of supervised release for the Middle District of Florida and because the oral pronouncement and written judgment [did] not conflict," the district court "did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement." *Id.* at 838-39.  In particular, we observed that: (1) the district court informed Hayden that "he would have to comply with the mandatory and standard conditions adopted by the [c]ourt in the Middle District" during his term of supervised release; (2) the standard conditions in the "Middle District of Florida" were "listed in the publicly available judgment form and track[ed] the standard conditions of supervised release in the relevant sentencing guideline"; and (3) the written judgment stated those conditions.  *Id.* at 839 (quotation marks omitted).

Here, under our decision in *Hayden*, plain error is the correct standard of review.  Similar to *Hayden*, the district court provided Johnson with notice of the standard conditions at his sentencing hearing by informing him that, while on supervised release, he was to "comply with the standard and mandatory conditions adopted in the Middle District."  No error, much less plain error, occurred because the standard conditions adopted by the district court in its written judgment were consistent with the conditions that it referenced at the sentencing hearing.  In addition, these standard conditions followed the language of the relevant sentencing guideline and were publicly available on the district court's website in Form AO 245B.  Notably, the instant case involved the same court, website, and form as *Hayden*.

23-11730                 Opinion of the Court                          9

Thus, we affirm as to this issue as well.

**AFFIRMED.**