[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 19-14780

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILLIE D. HAYDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:19-cr-00025-SPC-MRM-1

_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and ED CARNES, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal requires us to decide whether a within-guideline sentence is substantively unreasonable and whether the district court erred when it imposed the standard conditions of supervised release at sentencing without orally describing each condition. Willie Hayden pleaded guilty to distribution of heroin and possession with intent to distribute heroin. *See* 21 U.S.C. § 841. The district court sentenced Hayden to 170 months of imprisonment and imposed a three-year term of supervised release, subject to the "standard conditions" for the district. In its oral pronouncement, the district court did not describe each standard condition, but in its written judgment, the district court described the standard conditions in detail. Because the district court did not abuse its discretion in sentencing Hayden within the guideline range and did not err when it did not orally describe each standard condition of supervised release, we affirm.

## I. BACKGROUND

After serving a term of imprisonment for drug trafficking, Willie Hayden was released from prison and began serving a term of supervised release. Within a year, a detective in the Lee County Sheriff's Office received a tip from an informant that Hayden was selling heroin. At the direction of the detective, the informant purchased heroin from Hayden on two occasions. Based on these transactions, the sheriff's office obtained a warrant to search

Hayden's house. During the search, officers found 29 bags of heroin. Hayden was arrested and pleaded guilty to distribution of heroin and possession with intent to distribute heroin. *See* 21 U.S.C. § 841.

The probation office prepared a presentence investigation report that stated that Hayden's total offense level was 29. That included an enhancement for career offender status based on Hayden's felony convictions in 2005 and 2012. It also included a reduction for accepting responsibility. The report assigned Hayden a criminal history category of VI. Based on his offense level and criminal history category, the report calculated a guideline range of 151 to 188 months of imprisonment. The report stated that the statutory-maximum term was 20 years for each of the counts to which Hayden pleaded guilty.

The report also discussed Hayden's history of mental health challenges, learning disabilities, lower-than-average intelligence, and substance abuse. It detailed Hayden's "long history" of abusing alcohol, marijuana, and ecstasy. It discussed Hayden's school records, which revealed his learning disability, emotional disorders, and lower-than-average intelligence. Hayden also provided the district court with a forensic neuropsychological evaluation conducted by Dr. Robert Ouaou. It stated that Hayden's intelligence quotient tested at 84—the 14th percentile. Dr. Ouaou's evaluation also concluded that Hayden exhibited multiple cognitive deficits often found in patients with central nervous system damage,

including learning and memory deficits and significant impairments in executive function.

Hayden requested a prison sentence of 151 months. He argued that a lower sentence was warranted because he was a good father, no one was hurt during his crimes, and his neurological problems were a mitigating factor. He presented letters from family members and friends that recounted his good qualities and Dr. Ouaou's evaluation.

The government requested a sentence at the high end of the guideline range. The government argued that a longer sentence was warranted because Hayden committed the offenses while on supervised release, exhibited a lack of respect for the law, and posed a risk of reoffending.

The district court imposed a sentence of 170 months of imprisonment. It stated that it had reviewed the guidelines and the presentence investigation report and considered the arguments of counsel and the statutory sentencing factors. *See* 18 U.S.C. § 3553. It explained that it sentenced Hayden to 170 months because he had offended while on supervised release, the offenses were serious, Hayden had showed little respect for the law, and he needed to be deterred from future criminal conduct.

The district court also imposed a three-year term of supervised release. It stated that while Hayden was on supervised release, he would "need to comply with the mandatory and standard conditions adopted by the Court in the Middle District." The district court then explained that Hayden would also be subject to special

conditions of supervised release and described each of those special conditions.

After it imposed the sentence, the district court asked if counsel had "an objection to the sentence or the manner in which the Court has pronounced [it]." Hayden's lawyer asked that Hayden be recommended for mental health treatment, and the district court did so. Hayden's lawyer then objected to the application of the career-offender guideline and objected that the sentence was greater than necessary to achieve the goals of sentencing. He raised no other objections to the sentence or how the district court pronounced it.

The district court then entered a final judgment with a written order. The written judgment included a list of 13 standard conditions of supervised release. These conditions matched the standard conditions in the form for the Middle District of Florida, which is available on the district court website. *See Form AO 245B Judgment in a Criminal Case*, U.S. DIST. CT. FOR THE MIDDLE DIST. OF FLA., at 6, https://perma.cc/5PHV-Q76Q (last visited Oct. 3, 2024). These standard conditions also matched the conditions in the relevant sentencing guideline. *See* United States Sentencing Guidelines Manual § 5D1.3 (Nov. 2023).

## II. STANDARDS OF REVIEW

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We ordinarily review the imposition of discretionary conditions of supervised release for abuse of discretion,

*United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024), but when a defendant fails to raise his objection in the district court, we review for plain error, *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015).

## III. DISCUSSION

We divide our discussion in two parts. First, we explain that Hayden's sentence is substantively reasonable. Second, we explain that the district court did not err by imposing the standard conditions of supervised release for the district without orally describing each condition.

### A. The District Court Did Not Impose a Substantively Unreasonable Sentence.

Hayden argues that his sentence is substantively unreasonable because the district court did not give enough weight to his neurological issues and gave too much weight to the fact that he was on supervised release at the time of the offenses. The government responds that the district court did not abuse its discretion. We agree with the government.

A district court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's gravity, deter criminal conduct, protect public safety, and rehabilitate the defendant. 18 U.S.C. § 3553(a)(1)–(2). A sentence is substantively unreasonable when it "(1) fails to afford consideration to relevant factors [listed in section 3553] that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper

factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation and internal quotation marks omitted). How much weight to assign to a particular factor is within the discretion of the district court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). But unwarranted reliance on a single factor may be a "symptom" of unreasonableness. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

We vacate a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [section] 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation and internal quotation marks omitted). The burden of establishing the unreasonableness of a sentence is on the party challenging the sentence. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). Hayden fails to meet that burden.

Hayden argues that the district court failed to give weight to his neurological issues, which were, in Hayden's view, a mitigating factor due significant weight. But the district court did not fail to give weight to Hayden's neurological problems. It stated that it considered the presentence investigation report and the arguments of counsel, which referenced and explained these issues. The report discussed Hayden's learning disability, emotional disorder, and lower-than-average intelligence. Counsel also raised Hayden's neurological issues before sentencing. Counsel referenced Dr. Ouaou's

report and explained his client's mental challenges as described in the presentence investigation report.

Although the district court did not specifically state that it considered Hayden's neurological issues, it was not required to do so. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) ("[A]lthough the district court's sentencing order made no mention of evidence that arguably mitigated in Amedeo's favor . . . we cannot say that the court's failure to discuss this 'mitigating' evidence means that the court erroneously 'ignored' or failed to consider this evidence in determining Amedeo's sentence."). That the record reflects that the district court considered all the factors is enough. *See United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). The district court also made clear its awareness of Hayden's mental issues when it referred him for mental health treatment.

Hayden contends that the district court gave too much weight to the fact that Hayden was on supervised release at the time of the offenses. But the district court has broad discretion in how much weight to give each sentencing factor. *Rosales-Bruno*, 789 F.3d at 1254. Although unjustified reliance on a single factor may be a "symptom" of unreasonableness, *Pugh*, 515 F.3d at 1191, the district court also based Hayden's sentence on his demonstrated disrespect for the law, the severity of his offenses, and the need to deter Hayden from committing future crimes.

The sentence imposed was within the guideline range and below the statutory maximum. A sentence within the guideline range and below the statutory maximum is ordinarily expected to

be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (explaining that a sentence within the guideline range and below the statutory maximum suggests reasonableness); *see also United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014) (explaining that a sentence below the statutory maximum is an indicator of reasonableness). Because the district court stated that it considered the statutory factors, did not rely on any single factor, acted within its discretion in assigning weight to each factor, and arrived at a within-guideline sentence well below the statutory maximum, the sentence is substantively reasonable.

*B. The District Court Did Not Err in Imposing, But Not Describing, Each Standard Condition of Supervised Release at Sentencing.*

Hayden argues that the district court erred when it did not orally pronounce at sentencing each of the standard conditions of supervised release and instead enumerated the conditions only in the written judgment. He asserts that by stating only that it was imposing the "standard conditions" of supervised release, the district court ran afoul of our precedent in *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023). Hayden contends that because the conditions were not orally enumerated, he did not have the opportunity to object to them, and we should review for abuse of discretion. The government argues that Hayden could have objected but did not, so his challenge should be reviewed for plain error. The government contends that the district court did not plainly err because the standard conditions in the written judgment match the standard conditions codified in the sentencing guideline. *See* U.S.S.G. § 5D1.3(c). We again agree with the government.

We first address the standard of review. When a defendant fails to object at sentencing to the conditions of supervised release, we ordinarily review for plain error. *Carpenter*, 803 F.3d at 1237. But we decide *de novo* whether a defendant "had no opportunity to object at sentencing because the court included the [condition] for the first time in its written final judgment." *Rodriguez*, 75 F.4th at 1246 n.5 (quoting parenthetically *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000)).

Hayden argues that he had no chance to object to the conditions of supervised release at sentencing because the district court did not orally describe each of the 13 "standard conditions"; it instead listed them only in the written judgment. But Hayden had an opportunity to object and request that the district court orally pronounce the conditions. After the district court imposed a three-year term of supervised release, during which Hayden would "need to comply with the mandatory and standard conditions adopted by the Court in the Middle District," the district court asked the parties if there were any objections to the sentence or how the district court had pronounced it. Defense counsel raised some objections but did not object to the conditions of supervised release.

That Hayden had notice of the conditions of supervised release distinguishes this appeal from our decision in *Rodriguez*. *Rodriguez* addressed only the situation where the district court did not reference any conditions of supervised release during the sentencing hearing. 75 F.4th at 1240. The district court explained only that the defendant would be "placed on supervised release." *Id.* It then

included discretionary conditions of supervised release in its written judgment. *Id.* We reversed because the defendant had "no notice or opportunity to be heard" on the conditions of supervised release. *Id.* at 1246. Here, by contrast, Hayden did have notice: the district court informed him that there were standard conditions attached to his supervised release. And the district court asked for objections before ending the hearing. Because Hayden did not object to the failure to describe each of the "standard conditions" of supervised release, we review his challenge for plain error.

To satisfy due process, the district court must pronounce the sentence so that the defendant has "notice of the sentence and an opportunity to object." *Id.* at 1247 (citation and internal quotation marks omitted). A district court can violate a defendant's due-process right when its oral pronouncement differs from the written judgment that it later enters. *Id.* A failure to pronounce discretionary conditions of supervised release violates due process, but a failure to pronounce mandatory conditions ordinarily does not. *Id.*; *see also United States v. Diggles*, 957 F.3d 551, 557 (5th Cir. 2020). If the written judgment and the oral pronouncement do not unambiguously conflict, the written judgment governs. *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). A reference to a written list of conditions is enough to afford a defendant the opportunity to challenge the conditions of supervised release, which is all that due process requires. *Rodriguez*, 75 F.4th at 1246–47.

Because the district court orally referenced the 13 discretionary standard conditions of supervised release for the Middle

District of Florida and because the oral pronouncement and written judgment do not conflict, it did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement. The district court told Hayden that, during his term of supervised release, he would have to comply with "the mandatory and standard conditions adopted by the Court in the Middle District." In the written judgment, the district court stated those conditions. The conditions are listed in the publicly available judgment form and track the standard conditions of supervised release in the relevant sentencing guideline. *See Middle District of Florida Form AO 245B*; U.S.S.G. § 5D1.3(c). The oral pronouncement and the written judgment also do not conflict; the written judgment specifies what the oral pronouncement had already declared.

## IV. CONCLUSION

We **AFFIRM** Hayden's sentence.