[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13303

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES VINCENT YANNACCONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00152-WWB-EJK-1

_____

Before BRANCH, LAGOA, AND ANDERSON, Circuit Judges.

PER CURIAM:

Charles Yannaccone appeals his 151-month total sentence for 1 count of receipt of child pornography and 1 count of possession of child pornography. The government moved to dismiss Yannaccone's appeal based on the sentence-appeal waiver in his plea agreement. The appeal, however, was held in abeyance pending this Court's decision in *United States v. Hayden,* No. 19-14780, and *United States v. Read*, No. 23-10271, as the appeal centered on whether a sentence-appeal waiver extends to a challenging to the district court's failure to orally pronounce conditions of supervised release that it then included in the written judgment. *Hayden* and *Read* have now issued. *See United States v. Hayden*, 119 F.4th 832 (11th Cir. 2024); *United States v. Read*, 118 F.4th 1317 (11th Cir. 2024).

Yannaccone pled guilty, pursuant to a written plea agreement that included an appeal waiver. Under the waiver, Yannaccone agreed to waive his right to appeal his sentence unless his sentence (1) exceeded the Guidelines range, as calculated by the court; (2) exceeded the statutory maximum sentence; or (3) violated the Eighth Amendment. The district court sentenced Yannaccone to 151 months' imprisonment, followed by 10 years' supervised release. The district court stated that, while on supervised release, Yannaccone was to "comply with the mandatory and standard conditions adopted by the Court in the Middle District of Florida." After pronouncing Yannaccone's sentence, the district court asked

whether there were any objections to the sentence or the manner in which it was imposed, and neither party objected. The district court subsequently entered a written judgment that included the 13 discretionary standard conditions of supervision from criminal judgment form AO 245B.

In *Hayden*, this Court held that the district court "did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement" because it "orally referenced the 13 discretionary standard conditions of supervised release for the Middle District of Florida and because the oral pronouncement and written judgment d[id] not conflict." *Hayden*, 119 F.4th at 838. This Court determined that Hayden, unlike the defendant in *United States v. Rodriguez*, 75 F.4th 1231 (11th Cir. 2023), had the opportunity to object below—and request that the district court orally describe the standard conditions—because "the district court asked the parties if there were any objections to the sentence or how the district court had pronounced it" after it orally pronounced the conditions. *Id.* This Court also noted that the district court stated the standard conditions in the written judgment, and the conditions matched the conditions listed in the publicly available criminal judgment form on the Middle District of Florida's website—Form AO 245B—and tracked the standard conditions of supervised release in the relevant sentencing guideline—U.S.S.G. § 5D1.3(c). *Id.* at 838–39. Finally, this Court stated that "[t]he oral pronouncement and the written judgment also d[id] not conflict; the written judgment specifies what the oral pronouncement had already declared." *Id.* at 839.

And in *Read*, this Court held that the defendant's challenge to the "sufficiency of the oral pronouncement of his sentence" constituted an appeal of his sentence, which was barred by his appeal waiver. *Read*, 118 F.4th at 1321, 1323. In so doing, this Court determined that, although Read claimed that he sought correction of the district court's written judgment, he failed to argue that there was a mismatch between the judgment and the oral pronouncement. *Id.* at 1322. This Court noted that the district court explained to Read at sentencing that he must comply with the Middle District of Florida's discretionary standard conditions of supervised release. *Id.* This Court also noted that the district court's written judgment included 13 discretionary standard conditions of supervision, which matched the standard conditions set forth in the criminal judgment form on the Middle District of Florida's website—Form AO 245B. *Id.* at 1320, 1322. This Court then explained that, rather than diverging from the oral pronouncement, the district court's written judgment merely expounded it. *Id.* at 1322. Accordingly, this Court determined that Read's argument—that the district court violated his due process rights by failing to describe the standard conditions of supervised release in its oral pronouncement of his sentence—was a challenge to the way the district court imposed his sentence, and, thus, it was barred by his appeal waiver. *Id.* at 1321–23.

We conclude that Yannaccone's argument, on appeal, also mirrors that of the defendant in *Read*. Rather than pointing to a

23-13303                Opinion of the Court                5

mismatch between the written judgment and oral pronounce-ment, Yannaccone argues that the district court violated his due process rights by imposing 13 discretionary conditions of supervised release on him that it did not pronounce at sentencing. *See Read*, 118 F.4th at 1323. Like in *Read*, the district court explained to Yannaccone at sentencing that he must comply with the Middle District of Florida's discretionary standard conditions of supervised release. *Id*. And like in *Read*, the district court's written judgment—which listed the 13 discretionary standard conditions of supervision from criminal judgment form AO 245B—added details to the oral pronouncement but did not diverge from it. *Id*. at 1320, 1323. Thus, Yannaccone's challenge to the "sufficiency of the oral pronouncement of his sentence" constitutes an appeal of his sentence, which is barred by his appeal waiver. *See id*. at 1321, 1323.

Accordingly, the government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (sentence appeal waiver will be enforced where "it was clearly conveyed to the defendant that he was giving up his right to appeal under *most* circumstances" (quotation marks omitted, alterations adopted, emphasis in original)); *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005) (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).