[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12705

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CLAYTON EVERETT COLBORN,
a.k.a. Jason Rich,
a.k.a. Jason,
a.k.a. Clay,
a.k.a. Clayay,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00163-MSS-CPT-1

_____

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Thomas A. Burns, appointed counsel for Clayton Everett Colborn in this direct criminal appeal, filed a motion to withdraw on appeal, supported by a brief prepared under *Anders v. California*, 386 U.S. 738 (1967). On September 30, 2024, the court entered an order denying Burns's motion, having identified an issue of arguable merit as to the district court's failure to orally describe standard conditions of supervised release included in the final judgment. The September 30 order stated

> Our review of the record . . . reveals at least one issue of arguable merit: whether the district court erred by including conditions of supervised release in its written judgment but not its oral sentence, *see United States v. Rodriguez*, 75 F.4th 1231, 1246–49 (11th Cir. 2023).

> Accordingly, counsel's motion to withdraw is DENIED, and he is DIRECTED to file a merits brief that addresses the issue presented above. Counsel is further directed to re-examine the record and present

23-12705                Opinion of the Court                3

any other issues that counsel deems appropriate for inclusion.

Burns now moves for reconsideration of this Court's September 30 order, in light of two opinions published by this Court on October 3, 2024—*United States v. Hayden*, 119 F.4th 832 (11th Cir. 2024), and *United States v. Read*, 118 F.4th 1317 (11th Cir. 2024). Applying *Hayden* and *Read* to Colborn's case, Burns argues that Colborn and his counsel were on notice of the mandatory and standard conditions because they were publicly available on the district court's website and in the relevant sentencing guidelines.

Here, Burns's motion warrants reconsideration of this Court's September 30 order because following *Hayden* and *Read*, there is no longer any issue of arguable merit regarding whether the district court violated Colborn's due process rights in pronouncement of the standard conditions of supervised release. Accordingly, Burns's motion for reconsideration and his *Anders* motion to withdraw are GRANTED, and Colborn's convictions and sentences are AFFIRMED.