[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13846

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CORY SMITH,
a.k.a. Gavin White,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cr-00411-TWT-CMS-1

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Cory Smith appeals his sentence for money laundering. 18 U.S.C. §§ 2, 1956(a)(1)(B)(i). Smith argues that the district court erred when it pronounced the standard conditions of his supervised release at sentencing without orally describing or justifying each condition.

We review *de novo* "whether a defendant 'had no opportunity to object at sentencing because the court included the [conditions] for the first time in its written final judgment.'" *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024) (quoting *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023). When a defendant has notice of the standard conditions of supervised release and fails to object, we review for plain error. *Id.* We review the adequacy of the court's sentencing explanation *de novo*, even if the defendant did not object below. *United States v. Hamilton*, 66 F.4th 1267, 1274 (11th Cir. 2023).

The parties dispute the applicable standard of review. The government argues that plain error review applies because Smith had adequate notice of the standard conditions of release and failed to object, and Smith argues that we should review his challenge *de novo* because he had no opportunity to object. We agree with the government.

*Hayden* controls our standard of review. Smith had adequate notice of the standard conditions of supervised release when the district court orally pronounced that he must "comply with the standard conditions of supervision that have been adopted by this court" and solicited objections. *See Hayden*, 119 F.4th at 838. Because Smith did not object to his conditions of supervised release, we review his challenge for plain error. *See id.*

Under *Hayden*, the district court did not err, much less plainly err, when it failed to describe the conditions of supervised release in its oral pronouncement. In *Hayden*, we held that the district court did not err by failing to describe each condition of supervised release in its oral pronouncement when it referenced the standard conditions adopted by the district court, which were publicly available, tracked the standard conditions in the relevant sentencing guideline, and did not conflict with the written judgment. *Id.* at 838–39. As in *Hayden*, the district court stated that Smith would need to comply with the publicly available standard conditions of supervised release adopted by the district court, which matched the standard conditions in the relevant sentencing guideline. *See id.*; *Standard Conditions of Supervision*, U.S. DIST. CT. FOR THE N.D. OF GA., https://perma.cc/H75J-HHN5 (last visited Dec. 20, 2024); United States Sentencing Guidelines Manual § 5D1.3(c) (Nov. 2023). And those conditions did not conflict with the written judgment. *See Hayden*, 119 F.4th at 838–39.

Smith also argues that the district court erred by failing to explain how the standard conditions of supervised release were

necessary under the statutory sentencing factors, 18 U.S.C. § 3553(a), or were tailored to his individual circumstances. The district court is required to state the reasons for the imposition of its sentence. *Id.* § 3553(c). But a district court is not required to make separate explanations for the term of imprisonment and term of supervised release. *Hamilton*, 66 F.4th at 1275. It satisfies its obligation if the record establishes that it has "considered the parties' arguments and has a reasoned basis" for its sentencing decision. *Id.* at 1276 (citation and internal quotation marks omitted). We have not held that the district court must articulate how each standard condition of supervised release is related to the sentencing factors, and the relevant statute and sentencing guideline impose no such requirement. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3. The district court complied with section 3553(c) when it mentioned the nature and circumstances of the offense, Smith's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence, promote respect for law, and avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a). It considered both the seriousness of Smith's offense alongside his lack of criminal history. That explanation was sufficient to explain why the standard conditions of supervised release were appropriate. *See Hamilton*, 66 F.4th at 1276.

  **AFFIRMED**.