[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14164

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL RISHARD DUNN,
a.k.a. Fat Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:23-cr-00166-AMM-SGC-1

_____

Before JORDAN, LUCK, and WILSON, Circuit Judges.

PER CURIAM:

After being sentenced to seventy-eight months' imprisonment and three years' supervised release, Defendant-Appellant Michael Dunn appeals, arguing that the district court plainly erred by failing to fully enumerate at sentencing each discretionary condition that applied to his term of supervised release. After careful review, we affirm.

## I.

Dunn pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and conspiracy to defraud the United States, in violation of 18 U.S.C. §§ 371, 1343. At sentencing the district court orally informed Dunn:

> On release of imprisonment, you will be placed on supervised release for a term of three years. While on supervised release, you will have to comply with a number of conditions. Some are standard in this court, and some will be special to your situation. I encourage you to read those really closely and discuss any questions you have with your attorney or the probation officer to minimize the chance that you inadvertently violate one of these rules. In summary, the special conditions are, one, you must cooperate in the collection of DNA under the administrative supervision of the probation officer. Two, you can't use or possess narcotics or controlled substances unless

there's one prescribed to you by a medical practitioner, and then you have to follow the rules on the prescription. Three, you can't go to or stay at places where you know that controlled substances will be illegally sold or used or administered. Fourth, is a substance abuse intervention program. Fifth, is a restitution condition. Sixth, is related to restitution, but you can't incur any new debts, other than normal debts for existing utilities or rental expenses or mortgage payments. You can't increase existing credit lines or open any new lines of credit without the prior permission of the probation officer. And seventh is to assist us in tracking your restitution obligation, you have got to maintain a single checking or savings account in your name where everything that you receive goes into and everything that you pay in terms of personal expenses goes out of so that probation can determine how you are fulfilling your restitution obligations.

The court then asked if the parties had any objections, and Dunn only objected to an unrelated sentencing enhancement. The written judgment listed the same seven special conditions the judge described at the sentencing hearing and the nineteen standard conditions for the Northern District of Alabama.

## II.

If the defendant lacked an opportunity to object at sentencing to the conditions of supervised release because the conditions were included for the first time in the written judgment, we review his legal argument de novo. *United States v. Rodriguez*, 75 F.4th

1231, 1246 n.5 (11th Cir. 2023). But if the defendant had sufficient notice that there were discretionary conditions attached to his supervised release and failed to object, we review for plain error. *United States v. Hayden*, 119 F.4th 832, 838 (11th Cir. 2024).

A court sentencing a defendant to a term of supervised release must impose several mandatory conditions and may order further conditions at its discretion. *See* 18 U.S.C. § 3583(d). The Sentencing Guidelines provide thirteen standard conditions that are generally recommended, as well as several special conditions. U.S.S.G. § 5D1.3(b)-(d). "A district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Tome*, 611 F.3d 1371, 1375 (11th Cir. 2010). "To satisfy due process, the district court must pronounce the sentence so that the defendant has notice of the sentence and an opportunity to object." *Hayden*, 119 F.4th at 838 (internal quotation marks omitted). Failing to pronounce discretionary conditions of supervised release violates due process, but a failure to pronounce mandatory conditions ordinarily does not. *Id.*

In *Rodriguez*, we held that a district court violated the defendant's right to due process by failing to orally pronounce discretionary conditions of supervised release at sentencing that were included in a later written judgment. 75 F.4th at 1247–49. Discretionary conditions include any condition other than the mandatory conditions listed in § 3583(d). *Id.* at 1247. We held that the "mere existence" of a standing order recommending those conditions of

supervised release did not satisfy due process when the district court failed to reference that order or otherwise indicate that it was adopting conditions of supervised release beyond those mandated by statute. *Id.* at 1249. We noted that district courts can satisfy due process by referencing a written list of supervised release conditions because, by doing so, a defendant who is unfamiliar with those conditions will have the opportunity to inquire about and challenge them. *Id.* at 1248–49 & n.7.

In *Hayden*, which was published after briefing in this appeal was finished, we concluded that the district court did not err under *Rodriguez* when the court stated that the defendant would have to comply with "the mandatory and standard conditions adopted by the Court in the Middle District" while on supervised release in its oral pronouncement and then described those conditions in detail in the written judgment. *Hayden*, 119 F.4th at 835–36. First, plain error review applied because, unlike in *Rodriguez*, the defendant had notice at sentencing that there were standard conditions attached to his supervised release but failed to object to the district court's failure to describe each of the standard conditions. *Id.* at 838. We found that the district court "did not err—much less plainly err—" because the district court orally referenced the discretionary standard conditions of supervised release for the Middle District of Florida, and the oral pronouncement and written judgment did not conflict, as the conditions were listed in the publicly available judgment form and tracked the standard conditions of supervised release in the relevant guideline. *Id.* at 838-39. We

concluded that "the written judgment specifies what the oral pronouncement had already declared." *Id.* at 839.

### III.

Here, the district court did not plainly err, as it indirectly referenced the Northern District of Alabama's general order regarding standard conditions of supervised release at sentencing when it said "you will have to comply with a number of conditions. Some are standard in this court, and some will be special to your situation," and the standard conditions in the written judgment matched those listed in the general order. *See Rodriguez*, 75 F.4th at 1248–49 & n.7; *Hayden*, 119 F.4th at 835–36, 838–39. Dunn was therefore put on notice during the oral pronouncement that the court was imposing discretionary conditions on his supervised release. The district court also did not plainly err in pronouncing the special conditions of supervised release because the court explicitly stated the special conditions at sentencing and the special conditions in the written judgment matched those stated at sentencing. *See Rodriguez*, 75 F.4th at 1247–49; *Hayden*, 119 F.4th at 838–39. Dunn's due process rights were not violated.

**AFFIRMED.**