[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12011

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEROME WALTER KIGGUNDU,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:20-cr-00089-JRH-BKE-1

_____

Before JORDAN, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jerome Kiggundu appeals his sentence for bank fraud, bankruptcy fraud, and making a false statement under oath in the Southern District of Georgia.  On appeal, Kiggundu argues that the district court erred when it failed to orally articulate the standard conditions of supervised release at his sentencing and included them in the written judgment.  Kiggundu also contends that the district court's cursory mention of the "standard conditions of supervision adopted by this court" was not sufficient to incorporate the standard conditions listed in Southern District of Georgia Local Rule 32.1, which are different from the conditions imposed in his written judgment.

We ordinarily review the imposition of discretionary conditions of supervised release for abuse of discretion, but when a defendant fails to raise his objection in the district court, we review for plain error.  *United States v. Hayden*, 119 F.4th 832 (11th Cir. 2024).  However, we review *de novo* whether a defendant "had no opportunity to object at sentencing because the court included the [condition] for the first time in its written final judgment."  *Id.* at 838 (quotation marks omitted, alteration in original).

"An appellate court may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights."  *United States v. Rodriguez,* 75 F.4th 1231, 1241 (11th Cir. 2023).  "If all three conditions

are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* Deviation from a legal rule is error unless the rule has been waived. *United States v. Olano*, 507 U.S. 725, 732-33 (1993). "Plain" is synonymous with "clear" or, equivalently, "obvious." *Id.* at 734 (quotes in original). An error is plain if it is clearly contrary to settled law at the time of sentencing or at the time of appellate consideration. *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005). "Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *Rodriguez*, 75 F.4th at 1241. "Normally, although perhaps not in every case, the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong." *Olano*, 507 U.S. at 735. "In most cases, [a plain error affecting substantial rights] means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id.* at 734. However, some rights are so substantial that prejudice can be presumed from the record without a need for the defendant to independently show that the outcome of the proceedings would have been different. *See United States v. Perez*, 661 F.3d 568, 585-86 (11th Cir. 2011) (holding that "we presume that the denial of a defendant's right to allocute was prejudicial whenever the possibility of a lower sentence exists"). "A plain error affecting substantial rights does not, without more, satisfy the plain-error test, for otherwise the fourth prong and the discretion afforded by the fourth

prong would be illusory." *Shelton*, 400 F.3d at 1333. If no miscarriage of justice will result if the error is not noticed, a court may decline to notice it. *See Johnson v. United States*, 520 U.S. 461, 470 (1997) (declining to notice an error, even after finding it was plain, because the error regarded something "essentially uncontroverted at trial," and reversal would have more seriously affected the fairness, integrity, or public reputation of judicial proceedings than affirming would have).

Under 18 U.S.C. § 3583, a court must impose several mandatory conditions of supervised release and may order further discretionary conditions. 18 U.S.C. § 3583(d). The Sentencing Guidelines permit a court to impose other discretionary conditions of supervised release. U.S.S.G. § 5D1.3(b). Additionally, the Guidelines recommend, as a policy statement by the U.S. Sentencing Commission, the imposition of 13 "standard" conditions. *Id.* § 5D1.3(c), p.s. Other than minor stylistic alterations, these conditions are substantially identical to the 13 conditions contained in Kiggundu's written judgment. *See id.*

Under the Fifth Amendment's Due Process Clause, a defendant has the right to be present and represented by counsel when the district court pronounces their sentence. *Rodriguez*, 75 F.4th at 1247. To satisfy due process, the district court must pronounce the sentence in a manner that "giv[es] the defendant notice of the sentence and an opportunity to object." *Id.* (quotation marks omitted). Thus, "[d]ue process concerns arise when a district

court's in-court pronouncement of a sentence differs from the judgment that the court later enters." *Id.*

In *Rodriguez*, we held that the district court violated Rodriguez's Fifth Amendment due process rights by imposing additional discretionary conditions in its written judgment without first orally pronouncing the conditions in his presence. *Id.* at 1246. During the sentencing hearing, the district court did not identify any conditions of supervised release, but merely told Rodriguez that, "[u]pon release from imprisonment, you'll be placed on supervised release, $100 special assessment, no fine." *Id.* at 1240 (quotation marks omitted). After sentencing, the district court issued a written judgment imposing 13 discretionary conditions of supervised release, which were taken from a 1988 administrative order in the Southern District of Florida that required the court to impose the conditions "unless altered or modified by special order." *Id.* In addition, ten of these conditions "closely tracked the standard conditions contained in the Sentencing Guidelines." *Id.* In our holding, we recognized that a district court could properly provide notice of any discretionary conditions by: (1) orally pronouncing each condition at the sentencing hearing; or (2) "referencing a written list of supervised release conditions," such as "orally adopt[ing] the conditions of supervised release recommended in the defendant's [PSI] or in a standing administrative order." *Id.* at 1246. However, we clarified that "the mere existence of an administrative order recommending certain conditions of supervised release, without in-court adoption of that list by the sentencing court," did not satisfy due process. *Id.* at 1249. We noted that, despite language in the

administrative order imposing the challenged conditions "by default," the conditions in the administrative order are not imposed if the sentencing court orders otherwise. *Id.* at 1249 n.9. Because the district court "did not identify any conditions of supervised release or reference any written list of conditions" at the sentencing hearing before adding the discretionary conditions in its written judgment, we vacated Rodriguez's sentence in part and remanded his case to the district court with instructions to reconsider whether to impose each of the discretionary conditions after giving Rodriguez an opportunity to be heard. *Id.* at 1246, 1249.

In *Hayden*, the district court imposed a term of supervised release during the sentencing hearing and explained that, while Hayden was on supervised release, he would "need to comply with the mandatory and standard conditions adopted by the Court in the Middle District [of Florida]." *Hayden*, 119 F.4th at 835. The district court then said that Hayden would also be subject to several special conditions and described those conditions. *Id.* At the conclusion of the sentencing hearing, the district court asked each party if it had "an objection to the sentence or the manner in which the [c]ourt ha[d] pronounced [it]." *Id.* (quotation marks omitted, last alteration in original). In response, Hayden identified other objections, but did not object to the supervised release conditions or the manner in which they were pronounced. *Id.* In its written judgment, the district court included 13 standard conditions of supervised release that matched "the conditions in the relevant sentencing guideline" and "the standard conditions in the form for the Middle District of Florida," which "[was] available on the district

court website." *Id.* at 835-36 (discussing Form AO 245B and §
5D1.3(c)). In concluding that plain-error review applied, we observed that Hayden's case was distinguishable from that in *Rodriguez*. *Id.* at 838. We first noted that *Rodriguez* addressed only the situation where the district court did not reference any conditions of supervised release during the sentencing hearing. *Id.* By contrast, we observed that Hayden did have notice, as the district court informed him that "there were standard conditions attached to his supervised release" and asked for objections before ending the hearing. *Id.* Thus, because Hayden did not object to the failure to describe each of the standard conditions, we held that plain-error review was proper. *Id.* In applying plain-error review, we determined that, "[b]ecause the district court orally referenced the 13 discretionary standard conditions of supervised release for the Middle District of Florida and because the oral pronouncement and written judgment [did] not conflict," the district court "did not err—much less plainly err—when it failed to describe the conditions of supervised release in its oral pronouncement." *Id.* at 838-39. In particular, we observed that: (1) the district court informed Hayden that "he would have to comply with the mandatory and standard conditions adopted by the Court in the Middle District" during his term of supervised release; (2) the standard conditions in the Middle District of Florida were "listed in the publicly available judgment form and track[ed] the standard conditions of supervised release in the relevant sentencing guideline"; and (3) the written judgment and oral pronouncement did not conflict, as the

written judgment specified what the oral pronouncement already had declared.  *Id.* at 839 (quotation marks omitted).

Here, we conclude that the district court erred in its imposition of the standard conditions of supervised release because, when it ambiguously referenced the "standard conditions of supervision adopted by this court," it was unclear whether it was incorporating by reference the standard conditions listed in Southern District of Georgia Local Rule 32.1, which were publicly available at the time, or to the standard conditions provided in a national standard criminal judgment form, which were based on standard conditions recommended in U.S.S.G. § 5D1.3(c), and which differed from those listed in Local Rule 32.1.  Because the error of imposing standard conditions in Kiggundu's written judgment that were different from those publicly listed in the local court rules affected his substantial rights, we vacate and remand.

**VACATED AND REMANDED.**