[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

Nos. 21-14125; 23-12836

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GREGORY CHANDLER, JR.,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cr-20154-JEM-1

————————————————

Before KIDD, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Chandler, Jr. appeals his conviction and 120-month sentence for possession of child pornography, as well as the District Court's imposition of restitution. After careful review, we affirm his conviction and sentence. We dismiss his appeal of the restitution order as untimely.

## I. Background

In March 2020, a grand jury indicted Chandler on one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

Chandler proceeded pro se to trial. At the outset of voir dire, the District Court explained to the venire that a defendant is presumed to be innocent. The Court then asked if anyone could not fully accept this principle. Before there was any response, the Court reiterated that a defendant is presumed innocent and explained that a defendant cannot be found guilty unless his guilt is proven beyond a reasonable doubt. The Court then again asked if there was anyone who could not accept the principle that a defendant is presumed innocent until proven guilty. In response, one potential juror stated that "Anyone watching child pornography doesn't deserve to be considered." The Court immediately responded by stating, "Wait. Before you taint the entire jury with your effort to get out of jury duty." The juror denied trying to get out of jury duty and the following exchange took place:

> The Court: Let me just tell you that the crime has to be proven. In other words, if the crime is proven . . . then your responsibility is to find the person guilty. The question is will the fact that it is child pornography affect your ability to be fair and impartial in this case?
>
> Prospective Juror: Yes.
>
> The Court: And that is your duty as a citizen of the United States.
>
> Prospective Juror: I understand that but yes, I have three children. I could not imagine –
>
> The Court: I understand, but I have children too but that has nothing to do with it. If this were a case that involved your children then clearly you could not be on the jury, there's no question about it. You're excused, ma'am. Thank you.

Following this exchange, Chandler stated that he "reserve[d] a motion." The Court then addressed the venire and asserted the following: "Okay. A Defendant cannot be found guilty unless his guilt is proved beyond a reasonable doubt. Is there any of you who cannot accept that principle, I repeat that question." No one responded.

Later, during questioning, another potential juror stated that she had been a victim of a crime when she was touched inappropriately. The potential juror stated "No" when asked if anything from this experience would make it difficult for her to be fair and impartial.

A jury was sworn, and the trial commenced. Chandler later stated: "There's the one juror that . . . said that she had got touched inappropriately and like the whole panel heard that. So based on that, I want to move to strike the panel, Your Honor." The Court denied his motion. Chandler then stated he wanted to move for a mistrial. The Court denied his motion. After the trial, the jury found Chandler guilty.

A probation officer prepared a presentence investigation report (PSI) which reported that a forensic search of Chandler's laptop by law enforcement discovered 354 pictures of child pornography and 197 videos. The PSI noted that under the commentary to U.S.S.G. § 2G2.2, "each video, video-clip, movie or similar visual depiction shall be considered to have 75 images. Therefore, Chandler is held accountable for at least 15,129 images of suspected child pornography." The PSI identified five victims of child pornography from the videos on Chandler's laptop. It stated that there had been restitution requests from the victims totaling $24,000, but that the Court should set a date for final restitution because the total amount of restitution had not yet been determined.

The PSI applied the 5-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved over 600 images. Based on a total offense level of 31 and a criminal history category of I, Chandler's Guideline range was 108 to 135 months. The PSI noted that Chandler was subject to a statutory term of supervised release of five years to life under 18 U.S.C. § 3583(k) as well as U.S.S.G. § 5D1.2(b)(2). The PSI also noted that restitution was

mandatory under 18 U.S.C. § 2259 because Chandler committed a child pornography trafficking offense. Part F of the PSI included a number of special conditions of supervised release but did not list any standard conditions.

Chandler objected to the PSI. As relevant here, he first stated that he objected to the entire PSI and then specifically stated that he objected to "[w]hatever guideline" required the number of videos he possessed to be multiplied by 75 for purposes of determining the number of images involved. He argued that the guideline was "completely unnecessary, highly and unduly prejudicial and is meant only for shock value." He further objected to the paragraphs pertaining to restitution and asserted that he "demand[ed] to be informed if so much as a cent of He argued that the victims could be motivated to disseminate the images of their own abuse so that they could "cash in on the restitution" and that someone outside the victims might receive restitution.

The second addendum to the PSI noted that Chandler objected to the enhancement applied under § 2G2.2(b)(7)(D) and left the objection unresolved.

At the beginning of Chandler's sentencing hearing, the District Court stated that it had reviewed all of Chandler's objections to the PSI and overruled all his objections. It found that Chandler could not pay a fine, but that restitution was mandatory and would be determined later. It sentenced Chandler to 120 months of imprisonment and 15 years of supervised release.

The Court stated that while under supervised release, Chandler "shall comply with the mandatory and standard conditions of supervised release." The Court did not outline the standard conditions of his supervised release. The Court then asked Chandler if he had any objections to the Court's findings of fact or the way the sentence was pronounced. Chandler said he objected to "everything." The Court then asked, "You renew all of the objections that you made in the past; is that right," to which Chandler responded, "Yes, your honor."

The final written judgment included 13 standard conditions identical to those listed in U.S.S.G. § 5D1.3(c). Chandler filed a timely notice of appeal regarding the final judgment.

On February 7, 2022, the Government filed a motion to amend the final judgment to include restitution in the amount of $24,000. It argued that Chandler did not object to the amounts that the victims had requested in the PSI, and so the amounts were deemed admitted.

On February 8, 2022, the Court granted the motion and ordered restitution in the amount of $24,000 "based on the uncontested requested restitution amounts as set forth in the PSI." On February 9, 2022, it issued a second amended judgment including $24,000 in restitution.

Chandler filed a pro se notice of appeal on August 18, 2023, saying he intended "to preserve all issues, objections, etc. for appellate purposes." We appointed counsel and consolidated his two appeals.

## II. Voir Dire

Chandler argues that the District Court should have questioned the entire venire after a prospective juror expressed a generalized disdain for people accused of child pornography offenses. Because he did not raise this specific objection at trial, we review for plain error. *See United States v. Langford*, 647 F.3d 1309, 1325 n.11 (11th Cir. 2011).

There was no error, let alone plain error. The District Court cut off the juror's remarks, excused her, and immediately reemphasized the presumption of innocence, asking whether any other prospective juror could not accept that principle. No one responded. The Court had broad discretion to manage voir dire, and it satisfied its duty to screen for bias. *See United States v. Hill*, 643 F.3d 807, 836 (11th Cir. 2011); *United States v. Chastain*, 198 F.3d 1338, 1347–48 (11th Cir. 1999). Chandler has shown no actual or potential prejudice from the Court's handling of the exchange. *See Hill*, 643 F.3d at 836. We affirm on this issue.

## III. Sentencing Enhancement

Chandler next argues that the District Court erred in applying the image-count enhancement under § 2G2.2(b)(7)(D), which treats each video as 75 images based on the application notes. He contends that "images" unambiguously refers only to still photographs.

Because Chandler did not adequately raise this legal argument below, our review is for plain error. *See United States v. Corbett*, 921 F.3d 1032, 1037 (11th Cir. 2019). We find none.

The Guideline does not define "images," and courts have found the term ambiguous as applied to video files. *See United States v. Phillips*, 54 F.4th 374, 380–86 (6th Cir. 2022). Although our Court has not resolved this issue in a published opinion, we have addressed it in three unpublished decisions. In each, we concluded that "images" is ambiguous and deferred to the commentary. See *United States v. Carmody*, No. 22-12539, 2023 WL 7014048 at ⋆2–3 (11th Cir. 2023) (per curiam); *United States v. Vandyke*, No. 23-11268, 2024 WL 505080 at ⋆3–4 (11th Cir. 2024) (per curiam); *United States v. Peralta*, No. 23-13647, 2024 WL 4603297 at ⋆2 (11th Cir. 2024) (per curiam).

The commentary's 75-to-1 ratio is a reasonable interpretation and warrants deference under *Kisor v. Wilkie*, 588 U.S. 558, 139 S. Ct. 2400 (2019).[1] Even if reasonable minds could disagree, the District Court did not commit plain error. *See Corbett*, 921 F.3d at 1037. We affirm on this issue.

## IV. Conditions of Supervised Release

Chandler argues that the District Court violated due process by not orally pronouncing each standard condition of supervised release at sentencing. But he concedes that *United States v. Hayden*,

---

[1] In *United States v. James*, 135 F.4th 1329 (11th Cir. 2025), we held that the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 144 S. Ct. 2244 (2024), does not affect our use of the *Kisor* framework to evaluate whether to defer to Sentencing Guidelines commentary. 135 F.4th at 1334 n.1. We explained that *Loper Bright* addressed agency interpretations of statutes, whereas *Kisor* governs judicial deference to an agency's interpretation of its own regulations—including the Sentencing Commission's commentary. *Id.*

119 F.4th 832 (11th Cir. 2024), controls. There, we held there is no plain error where the court references the standard conditions, gives the defendant a chance to object, and includes the same conditions in the written judgment. *Id.* at 838–39. Chandler acknowledges that all three occurred here and that he is not entitled to relief. We affirm on this issue.

## V. Restitution

We dismiss Chandler's challenge to the restitution order as untimely. The amended judgment imposing restitution was entered on February 9, 2022, but Chandler did not file his notice of appeal until August 18, 2023. That exceeds the 14-day deadline. *See* Fed. R. App. P. 4(b)(1)(A).

## VI. Conclusion

For these reasons, we affirm Chandler's conviction and sentence. We dismiss his appeal of the restitution order as untimely.

**AFFIRMED IN PART AND DISMISSED IN PART.**