**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10202
Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CLONET JUNIOR CHARMANT,

*Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cr-00036-AW-MAF-3

————————————

Before NEWSOM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Upon revocation of his supervised release for a second time, Clonet Charmant was sentenced to 14 months of imprisonment. He now appeals, challenging the validity of his admissions at the

revocation hearing and the reasonableness of his sentence. After careful review, we affirm.

## I. BACKGROUND

Charmant was sentenced to 26 months of imprisonment and 3 years of supervised release for his involvement in a fraud conspiracy. When Charmant began his supervised release term in October 2023, he had to comply with certain conditions, including: (1) abstaining from controlled substances, (2) submitting to periodic drug tests, (3) participating in substance abuse treatment, (4) working to obtain full-time employment, (5) receiving permission before leaving the Northern District of Florida, and (6) notifying his probation officer within 72 hours of any arrest or questioning by police.

In June of the following year, the district court revoked Charmant's supervised release after he admitted to four charged violations, and Charmant was sentenced to one day of imprisonment and three years less one day of supervised release. The district court reimposed the same relevant supervised release conditions with the additional requirement that Charmant "perform ten . . . hours of community service per week, when unemployed, not to exceed a total of two hundred . . . hours."

Just a few months later, a U.S. Probation officer again petitioned for revocation of Charmant's supervised release, alleging that he (1) tested positive for marijuana on five occasions (Violation 1); (2) failed to complete his required community service hours while unemployed (Violation 2); (3) failed to work full time or

provide sufficient proof of his job search efforts (Violation 3); (4) left the judicial district without permission (Violation 4); (5) failed to timely report that he was questioned by police (Violation 5); and (6) failed to attend a scheduled substance abuse evaluation (Violation 6).

During an initial appearance on these charges, a magistrate judge advised Charmant that he was "facing up to three years in prison" and the possibility that he "could also be placed back on supervised release for a maximum of five years less any term of incarceration."

At the final revocation hearing, Charmant's counsel stated that Charmant would "admit[] to all [of] the violations except for Violation 2." After a brief colloquy with the district court, Charmant personally confirmed this statement and admitted to Violations 1, 3, 4, 5, and 6. Following testimony from a probation officer and Charmant, the district court found that the government failed to meet its burden on Violation 2 because Charmant completed some, but not all, of his required community service hours. However, the court determined that Charmant's failure to fully comply with these obligations "[wa]s certainly a relevant factor to consider."

The district court then stated that Charmant's guideline range was three to nine months of imprisonment. It also noted that the statutory maximum prison term was five years "[and] the maximum term of supervised release [wa]s three years minus everything [Charmant] ha[d] served and will serve." The court asked if

either party "disagree[d] with any of that," and they each responded, "No."

In presenting mitigating argument, Charmant attempted to explain away some of his violations by arguing, in relevant part, that he (1) sought employment but failed to submit the necessary documentation because his probation officer was unreachable by phone; (2) fell asleep during a car ride and was unaware that he would be leaving the judicial district; and (3) did not think that he needed to report that he was a passenger in a car that was pulled over. Based on discussions with Charmant and his counsel, the district court found that, despite his previous statements, Charmant did not willfully admit to Violations 4 or 5. The court therefore retracted its earlier finding and "proceed[ed] with the sentencing" only as to Violations 1, 3, and 6, which did not affect the applicable guideline range.

Charmant's counsel requested a below-guidelines or time-served sentence with a new supervision term, noting that Charmant struggled with not using medical marijuana, attempted to comply with his community-service requirements, paid his restitution in full prior to the hearing, and entered substance abuse counseling. Charmant also allocuted, acknowledging his substance abuse issues, apologizing to the government and the court, and admitting his wrongs. The government, in turn, requested an eight-month sentence, noting that the court had already given Charmant a second chance, and Charmant attempted to shift blame throughout the hearing.

Citing its consideration of the facts presented at the hearing, the dispositional report prepared by the probation officer, the relevant 18 U.S.C. § 3553(a) factors, and the guidelines, the court revoked Charmant's supervised release and imposed a sentence of fourteen months of imprisonment with three years of supervised release to follow. It explained that Charmant's two previous below-guideline sentences "ha[d] been insufficient to deter him from misconduct." The court further opined that Charmant "just ha[d] no respect for authority," failed to take responsibility, and continued to shift blame by initially admitting to certain violations but then claiming those violations "w[ere] anyone's fault but . . . [his]." It clarified, however, that it was only sentencing Charmant based on Violations 1, 3, and 6.

The district court explained that it was "very disappointed" when Charmant first violated his supervised release, but chose to give him "another opportunity," and Charmant "flout[ed]" his responsibilities. It now believed "additional supervision [wa]s appropriate," to protect the public, as Charmant was convicted of "serious financial crimes." Charmant objected to his sentence "being greater than necessary" and above his guideline range. He now appeals.

## II. STANDARD OF REVIEW

We review a district court's revocation of supervised release, as well as the reasonableness of sentences imposed upon revocation, for an abuse of discretion. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023); *United States v. Vandergrift*, 754 F.3d

1303, 1307 (11th Cir. 2014). However, we review procedural issues raised for the first time on appeal only for plain error. *See Vandergrift*, 754 F.3d at 1307; *United States v. Serrapio*, 754 F.3d 1312, 1322 (11th Cir. 2014).

## III. DISCUSSION

A. *The District Court's Misstatements at the Revocation Hearing Do Not Amount to Plain Error*

Charmant first argues that the district court violated Federal Rule of Criminal Procedure 32.1 and the Due Process Clause by misstating the maximum supervised release term[1] he faced for the charged violations. He contends that this error requires vacatur of his judgment and sentence because the district court's inaccurate statement rendered his admissions unknowing and involuntary.

The parties agree that Charmant was subject to a maximum supervised release term of five years "less any term of imprisonment" imposed by the court, 18 U.S.C. 3583(b)(1), (h), so the district court's statement that Charmant could face a term of "three years minus everything [he] ha[d] and w[ould] serve" was erroneous. However, because Charmant failed to raise this issue below, we review only for plain error. *Serrapio*, 754 F.3d at 1322. Under this standard, Charmant not only must demonstrate that the district court erred but also "that the error was plain" and "the error affected his substantial rights." *Vandergrift*, 754 F.3d at 1307

---

[1] Although Charmant takes issue only with the misstatement of his maximum supervised release term, we note that the district court also erred in announcing the maximum applicable imprisonment term. *See* 18 U.S.C. § 3583(e)(3).

(citation modified). And even then, we will correct the error only if it "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation modified). We conclude that Charmant cannot meet this heavy burden.

While Charmant is correct that he enjoyed certain minimal due process protections in his revocation proceedings, *see United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994), he points us to no binding precedent requiring vacatur in these specific circumstances. "It is the law of this [C]ircuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Morales*, 987 F.3d 966, 976 (11th Cir. 2021) (quoting *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003)).

Further, Charmant was informed of the correct maximum penalties during his initial appearance. He also admitted to Violations 1, 3, 4, 5, and 6 at the revocation hearing *prior* to the district court's misadvising him of the maximum term of supervised release. And, despite having the specific opportunity to do so, Charmant failed to object to the district court's error. *See United States v. Pielago*, 135 F.3d 703, 709 (11th Cir. 1998) ("The narrowness of the plain error rule is a reflection of the importance, indeed necessity, of the contemporaneous objection rule to which it is an exception. The contemporaneous objection rule fosters finality of judgment and deters 'sandbagging,' saving an issue for appeal in hopes of having another shot at trial if the first one misses."). Accordingly, even

if Charmant had provided binding precedent that specifically supports his argument, he still would not be entitled to relief, as he has not shown that the district court's misstatement influenced the outcome of his proceedings. *See Vandergrift*, 754 F.3d at 1312.

## B. *Charmant's Sentence Is Reasonable*

Charmant next argues that the district court abused its discretion in imposing his 14-month sentence. In assessing the reasonableness of a sentence, we use a two-step process, first looking "at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We find that Charmant has not met his burden to show that his sentence is procedurally or substantively unreasonable. *Id.*

Under 18 U.S.C. § 3583(e), a district court may, upon finding by a preponderance of the evidence that a defendant has violated a condition of supervised release, revoke the term of supervised release and impose a term of imprisonment after considering certain factors set forth in 18 U.S.C. § 3553(a). Those § 3553(a) factors require the sentencing court to consider (1) the nature and circumstances of the offense, (2) the history and characteristics of the defendant, (3) the applicable guideline range, and (4) the need to provide the defendant with needed training, medical care, or correctional treatment. 18 U.S.C. §§ 3553(a)(1), (2)(D), (4); 3583(e). Additional factors for consideration include (1) pertinent policy statements of the Sentencing Commission, and the need to (2) deter

criminal conduct, (3) protect the public from the defendant's future criminal conduct, (4) avoid unwarranted sentence disparities, and (5) provide restitution to the victims. *Id.* §§ 3553(a)(2)(B), (C), (5)–(7); 3583(e).

Although he does not explicitly classify it as such, Charmant makes a procedural challenge on appeal by arguing that the district court improperly considered dismissed Violations 2, 4, and 5 when sentencing him. Because Charmant did not object to the court's consideration of these alleged improper factors below, he must now show plain error, which he is unable to do. *Vandergrift*, 754 F.3d at 1307.

In crafting a reasonable sentence, "a sentencing court has always been free to consider a wide range of relevant material." *Serrapio*, 754 F.3d at 1322 (citation modified). Indeed, "the district court was free to consider any information relevant to [Charmant's] 'background, character, and conduct' in imposing an upward variance." *Tome*, 611 F.3d at 1379 (quoting 18 U.S.C. § 3661).

The record contained ample evidence of the circumstances surrounding the dismissed violations, as the parties offered testimony and argument on these issues at the revocation hearing. Nevertheless, there is no indication that the district court held Charmant responsible for the dismissed violations, or penalized him for denying guilt, as it repeatedly clarified that it was sentencing Charmant based solely upon the violations proven by sufficient evidence. Although the court stated that it was troubled by Charmant's retraction of his initial willingness to admit to several of the

charged violations, because it thought that the retraction demonstrated Charmant's lack of respect for authority and propensity to blame others for his actions, we cannot say that the district court plainly erred in considering this information in crafting Charmant's sentence. *See id.*

Charmant additionally contends that his sentence is substantively unreasonable because the court gave insufficient weight to his "compelling mitigating evidence." The weight given to each sentencing factor lies within the district court's sound discretion, so it was permitted to attach greater weight to the need for deterrence, given Charmant's status as a repeat violator, over any mitigating considerations. *See King*, 57 F.4th at 1338–39; *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court's discussion of the relevant § 3553(a) factors at the revocation hearing is also "sufficiently compelling to support the degree of the [upward] variance" imposed. *United States v. Irey*, 612 F.3d 1160, 1196 (11th Cir. 2010) (en banc) (citation omitted); *see Tome*, 611 F.3d at 1379. The court was not required to specifically articulate its consideration of each of Charmant's mitigating arguments. *United States v. Hayden*, 119 F.4th 832, 837 (11th Cir. 2024).

In sum, although Charmant's sentence falls above his advisory guideline range, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (citation modified). Accordingly,

we cannot say that the district court abused its discretion in imposing Charmant's 14-month sentence.

## IV. CONCLUSION

We **AFFIRM** Charmant's judgment and sentence imposed upon the second revocation of his supervised release.