**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————

No. 24-12262

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

OCTAVIO ADALBERTO ROBLEDO,

*Defendant-Appellant.*

————————————————

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 3:23-cr-00112-TJC-LLL-1

————————————————

Before JILL PRYOR, BRASHER, and ED CARNES, Circuit Judges.

PER CURIAM:

Octavio Robledo pleaded guilty to one count of receiving visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). For his crime,

Robledo was subject to a 60-month mandatory minimum, a 240-month statutory maximum, and his recommended guidelines range was 63 to 78 months of imprisonment. The district court varied upward, sentencing him to 22 months more than the top of his guidelines range. Robledo challenges the procedural and substantive reasonableness of his 100-month sentence.

## I.

A law enforcement investigation revealed that Robledo had received child pornography through an online network. When the FBI knocked on his door in 2017, Robledo cooperated, inviting the agents inside his apartment and admitting that he had downloaded child pornography on his computer. He consented to the search and seizure of his computer. Over the next two days following that search and seizure, Robledo told his co-workers he might leave the country because he was afraid that the FBI would find more child pornography on his computer. The next day he bought a one-way airline ticket and flew from Miami to Argentina where he stayed for six years.

The government charged Robledo with one count of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). When Robledo returned to the United States in 2023, he was arrested at the airport on the outstanding warrant. He pleaded guilty to and was convicted of the charge against him in 2024.

Robledo's presentence report (PSR) scored his total offense level at 26 and his criminal history score at zero, placing him in

criminal history category I and yielding a guidelines range of 63 to 78 months imprisonment.  Neither Robledo nor the government objected to those findings.

Robledo did object to paragraph 40 in the PSR.  Under the heading "Other Criminal Conduct," paragraph 40 describes a 2005 Florida state court charge of "Lewd and Lascivious Molestation." It states:

> According to the arrest affidavit, the victim, a 12-year-old girl, reported to her mother that on the morning of January 23, 2005, she was laying on the floor watching cartoons. The victim reported that the defendant put his hand under her shirt and touched her back and began rubbing it. The victim reported the defendant then put his hand under her pants and rubbed her butt before moving his hand to touch her breasts under her bra and shirt. The victim reported the incident lasted several minutes, after which, she got up and went to the bathroom where she remained for the rest of the day.

The PSR states that the charge was dismissed.

In response to Robledo's objection, at the sentence hearing the government called the victim as a witness to testify to the accuracy of the allegations.  The witness, 32 years old at the time of her testimony, explained that her mother and Robledo were dating when the witness was twelve years old.  She also testified that but for the fact she did not remain in the bathroom the rest of the day after Robledo molested her, paragraph 40 is an accurate description

of what he did to her as a child of twelve.  She stated that it was "the single worst day of [her] life," which "has played on repeat in [her] head every day for the last 20 years."  The government also introduced a picture of the witness' 2005 diary entry that she testified to making on the day of the alleged molestation.[1]  The entry states: "Dear Diary, . . . . Today something weird happened. [Robledo] touched my boob. I can't tell my mom. He also touch[ed] my butt. BARE! I'm so scared."  Finally, the witness explained that her mom told her the case was dismissed because it was a "he said/she said scenario."

Robledo's counsel cross-examined the witness but provided no evidence to rebut her allegations involving the molestation charge in paragraph 40 of the PSR.  The government argued that the court should consider those allegations, as supported by the witness' testimony and her diary, because they were relevant under the 18 U.S.C. § 3553(a) sentencing factors.  Robledo reasserted his objection to paragraph 40's inclusion in the PSR and the court's consideration of its contents.  He pointed out that the state court case had lasted only a month before it was dismissed and that all of the witnesses were available but the prosecutor still chose not to proceed with the case.  And he added that the State had agreed, at his request, to seal the records of the case.  He argued that the circumstances indicated that there must have been some "defect" in

---

[1] The diary entry was dated January 22, 2005, while the PSR states that the molestation occurred the next day, January 23. The witness testified that the entry, which she made when she was 12 years old, was misdated.

the case.  And he asserted that the witness' testimony wasn't suffi-cient support for finding that the allegations in paragraph 40 were actual facts. Based on all of the circumstances, Robledo contended that none of the alleged events described in paragraph 40 of the PSR should be included as "other criminal conduct."

After listening to both sides about the paragraph 40 allega-tions, the district court heard arguments about the appropriate length of the sentence to be imposed.  The government urged the court to sentence Robledo at the high end of his guidelines range, emphasizing his sexual interest in child pornography and his having fled to South America to avoid prosecution in this case. It also pointed out that the many images of child pornography involved in this case included some of children as young as six years old.

Robledo argued for a downward variance to the statutory mandatory minimum sentence of 60 months.  He characterized his offense as close to being "possession only," and he highlighted his "advanced age" (54 at the time of sentencing) and his lack of crim-inal history.

Before pronouncing the sentence, the court expressly found that the government's witness about the paragraph 40 allegations was credible and that she was "speaking [her] truth."  The court stated that "as a judge who hears people testify all day long, [he] judge[d] [her] to be a truthful, credible witness."

The court also considered the type of child pornography that Robledo had collected.  The court recognized that while all types of child pornography are unlawful and very damaging to children,

the "particular type" that comprised Robledo's collection did "not carry with it the same level of culpability that some others do." Even so, Robledo's conduct was "bad" and "deserving of a significant penalty."

The court stated that Robledo's history and characteristics were "otherwise relatively positive, except for the glaring exception of what we call paragraph 40. . . [a]nd that's a bad picture." It found that the government had proved by a preponderance of the evidence that the incident described in paragraph 40 — Robledo's molestation of a 12-year-old girl — had indeed happened. The court then reasoned that while it would be wrong to sentence Robledo for that conduct, it did have a bearing on the factors that 18 U.S.C. § 3553(a) lists as "[f]actors to be considered in imposing a sentence." He specifically mentioned the factors the statute sets out in: § 3553(a)(1) ("the history and characteristics of the defendant"); § 3553(a)(2)(A) ("just punishment for the offense"); § 3553(a)(2)(B) ("adequate deterrence to criminal conduct"); and § 3553(a)(2)(C) ("protect[ing] the public from further crimes of the defendant").

The recommended guideline range was 63 to 78 months imprisonment. The court decided that an upward variance was appropriate under the circumstances because in addition to his collection of child pornography, Robledo had engaged in the "hands-on offense" described in paragraph 40 of the PSR. On that basis, the court varied upward by 22 months from the top of the guidelines

range to impose a sentence of 100 months imprisonment followed by a 20-year term of supervised release.

Robledo objected to the sentence as procedurally unreasonable, contending that the court should not have relied on paragraph 40 of the PSR. He also contended that the sentence was substantively unreasonable, arguing that the court failed to adequately weigh the § 3553(a) factors.

## II.

We employ a two-step process when reviewing the reasonableness of a criminal sentence. *United States v. Boone*, 97 F.4th 1331, 1338 (11th Cir. 2024). We determine first whether a sentence is procedurally reasonable reviewing legal issues *de novo* and factual findings for clear error. *See United States v. Green*, 981 F.3d 945, 953 (11th Cir. 2020); *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). And we "will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018) (quotation marks and citation omitted). If the sentence is procedurally sound, we review its substantive reasonableness in light of the totality of the circumstances and give deference to the district court under the abuse-of-discretion standard. *See United States v. Irey*, 612 F.3d 1160, 1188–90 (11th Cir. 2010) (en banc); *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

## III.

Robledo argues that his sentence is procedurally unreasonable because the district court considered paragraph 40 of the PSR.

He asserts that the government failed to meet its burden to prove by a preponderance of the evidence that the alleged child molestation actually happened. And as a result, he insists that the court should not have considered those facts at sentencing.

We will overturn a sentence as procedurally unreasonable only if the district court commits a significant procedural error, for example, a miscalculation of the guidelines range, "treating the guidelines as mandatory," neglecting to consider the § 3553(a) factors, failing to provide an adequate explanation for the sentence, or "bas[ing] a sentence on clearly erroneous facts." *Boone*, 97 F.4th at 1340 (citing *Pugh*, 515 F.3d at 1190). The factual findings made at sentencing "need only be supported by a preponderance of the evidence." *Green*, 981 F.3d at 953. This burden may be satisfied by, among other things, "undisputed statements in the [PSR], or evidence presented at the sentencing hearing, and [the factfinder] may make reasonable inferences from the evidence." *Id.*

Factual findings based on credibility determinations at sentencing lie squarely within the "province" of the sentencing judge, because as the factfinder he "personally observes the testimony and is thus in a better position than this Court to assess the credibility of witnesses." *United States v. Grushko*, 50 F.4th 1, 11 (11th Cir. 2022) (alteration adopted) (citation omitted); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) ("When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings; for only the trial judge can be aware of the variations in demeanor and

24-12262                Opinion of the Court                9

tone of voice that bear so heavily on the listener's understanding of and belief in what is said."); *id.* ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). We accept a district court's credibility determinations unless the "evidence is contrary to the laws of nature or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Maddox*, 803 F.3d 1215, 1220 (11th Cir. 2015) (quotation marks and citation omitted).

Robledo argues that the district court should not have accepted the paragraph 40 witness' testimony. He says that there were weaknesses in it and contends that "memories from her childhood are [] simply not sufficient to meet the preponderance of the evidence standard." But the witness testified that she "remember[s] the day like it was yesterday and it was the single worst day of [her] life," and the event "has played on repeat in [her] head every day for the last 20 years," and that the factual narrative in paragraph 40 is accurate (apart from the fact that she did not spend the rest of the day hiding in the bathroom). Her testimony was nowhere near being "so inconsistent or improbable on its face that no reasonable factfinder could accept it," and it certainly was not "contrary to the laws of nature." *See id.*

After hearing her testimony, the district court made a credibility finding and determined that she was "truthful, "speaking

[her] truth," and "very credible." Under the Supreme Court's *Anderson* decision, and our decisions in *Grushko* and *Maddox*, that determination stands.

In summary, the district court did not base its sentencing decision on clearly erroneous facts. It committed no procedural error.

## IV.

Robledo also contends that his sentence is substantively unreasonable. "The substantive reasonableness of a defendant's sentence is measured based on the totality of the facts and circumstances considering the § 3553(a) factors." *Boone*, 97 F.4th at 1342 (quotations omitted) (citing *Irey*, 612 F.3d at 1189). We will vacate a sentence as substantively unreasonable only if the district court committed clear error in weighing and applying the factors. *Id.* That may happen if the "court fails to consider relevant factors, gives significant weight to an improper or irrelevant factor, or weighs the factors unreasonably." *Id.* (citation omitted). But the § 3553(a) factors don't have to be given equal weight. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). How much weight to give a factor is within "the sound discretion of the district court." *Id.* (citation omitted). A defendant may disagree with the weight the district court gives to any mitigating factors, but that disagreement does not make a sentence unreasonable. *See United States v. Lebowitz*, 676 F.3d 1000, 1016–17 (11th Cir. 2012); *see also Rosales-Bruno*, 789 F.3d at 1254.

A sentence above the applicable guidelines range is not presumptively unreasonable either. *Rosales-Bruno*, 789 F.3d at 1254.

We defer to the district court if there is adequate justification for the variance and if the district court decides that the § 3553(a) factors justify a sentence above the guidelines range. *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) ("[W]e will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes.") (quotation marks and citation omitted); *see also Rosales-Bruno*, 789 F.3d at 1256–57 (explaining that an indicator of reasonableness is when the sentence is well below the statutory maximum penalty even where the sentence imposed is above the applicable guidelines range).

Robledo argues that the district court gave too much weight to the witness' testimony corroborating the child molestation recounted in paragraph 40 of the PSR — which he calls an improper and irrelevant factor. He argues that the court should have given more weight to his mitigating factors: his "advanced" age of 54 years at the time of sentencing; his lack of criminal history; and the fact that his conduct was less severe and less violent than that of the defendants in some other cases. But Robledo's disagreement with the way the district court weighed the factors does not make his sentence unreasonable. *See Lebowitz*, 676 F.3d at 1016–17.

The court considered his crime of conviction in comparison to other defendants, acknowledged his "otherwise relatively positive" history, and decided the "glaring exception" of paragraph 40 — corroborated by testimony — painted a "bad picture" with respect to his history and characteristics. And, as we have discussed,

*see supra* at 6–7, the court considered the history and characteristics of the defendant, the need to protect the public, and the need for general and specific deterrence. *See Boone*, 97 F.4th at 1342; *see also United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023) (explaining that the record need only "reflect[] the court's consideration of the sentencing factors and the parties' arguments" and the court does not have to explicitly discuss each factor). Given the circumstances and the evidence presented, the court's reliance on the four § 3553(a) factors was not "unwarranted." *United States v. Hayden*, 119 F.4th 832, 836 (11th Cir. 2024) (explaining unwarranted reliance on certain sentencing factors may result in unreasonable sentences).

Robledo also argues that the district court failed to provide a compelling reason for the 22-month upward variance and that it effectively sentenced him for his past conduct as described in paragraph 40 of the PSR. We disagree. The court stated that it was imposing the 22-month upward variance because Robledo had "demonstrated both his interest in child pornography and his willingness to commit a hands-on offense," which distinguishes him from other child pornography offenders with similar guidelines ranges. Those reasons are "sufficiently compelling" to support the upward variance that the court imposed. *See Oudomsine*, 57 F.4th at 1265 ("The court's reason [for a variance] must be sufficiently compelling to support the degree of the variance.") (quotations and citation omitted).

For child sex crimes, we've affirmed as substantively reasonable much longer sentences based on more significant variances. *See, e.g.*, *United States v. Hall*, 965 F.3d 1281, 1283, 1297–99 (11th Cir. 2020) (affirming a 480-month sentence for receipt of child pornography which included a 300-month upward variance from the guidelines range where the defendant had previously committed sex crimes involving children); *United States v. Turner*, 626 F.3d 566, 574 (11th Cir. 2010) (affirming a 300-month total sentence containing a 90–month upward variance for receipt and possession of child pornography where the defendant also previously sexually abused a child); *see also Irey*, 612 F.3d at 1220–21 (collecting cases affirming various decades long sentences for offenses involving sexual abuse of children); *United States v. Sarras*, 575 F.3d 1191, 1220–21 (11th Cir. 2009) (affirming a 1,200 month sentence and noting that "[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses, and courts have upheld lengthy sentences in these cases as substantively reasonable").

The 22-month upward variance did not take Robledo's sentence over the fence. It is still well below the statutory maximum of 240 months, *see* 18 U.S.C. § 2252(b)(1), and is thus within "the ballpark of permissible outcomes." *See Butler*, 39 F.4th at 1355; *Rosales-Bruno*, 789 F.3d at 1256–57. Robledo's sentence is not substantively unreasonable, nor is it procedurally unreasonable. The district court did not abuse its discretion in sentencing him to 100 months imprisonment.

**AFFIRMED.**